KATHERINE McGUIRE, as Administratrix of the Estate of JOHN E. LEAVESLEY, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent. The gravamen of the action is fraudulent misrepresentation, made by the defendant's agent to the annuitant, and his reliance thereon. The plaintiff is entitled to the assumption that she established by adequate evidence every issue upon which some evidence was offered. (*African Metals Corp.* v. *Bullowa*, 288 N. Y. 78.) Tested by this rule the plaintiff established that the representations relied upon were made by the defendant's agent, and that the jury might infer that the misrepresentations were false and were made prior to the purchase of the annuities. From all the circumstances surrounding the transaction the jury might infer that the plaintiff's intestate relied on such representations. (*Ochs* v. *Woods*, 221 N. Y. 335.) There was no evidence that either the plaintiff or her intestate, with knowledge of the misrepresentation, ratified the contracts. The plaintiff made out a *prima facie* case and the trial court committed error in not submitting the case to the jury. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

ROSE G. O'CONNOR et al., Appellants, v. GERTRUDE K. PIER, Respondent, Impleaded with Others.— No opinion. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.

MARGARET O'NEIL, as Administratrix of the Estate of FRANK O'NEIL, Deceased, Respondent, v. JOHN ARBORIO, JR., et al., Appellants.— No opinion. Present—Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ALLEN, Appellant.— Although the proof presented was sufficient to convict the defendant of the crime of unlawful entry, it does not support his conviction of burglary in the second degree. The ultimate facts from which it must be inferred that defendant "broke" into the apartment by opening a closed or partially closed window were not satisfactorily established. The court erred in charging the jury that the letter written by the defendant to the District Attorney might be considered as a confession of burglary. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.