■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARK G. FOLSOM, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered August 30, 1957, after a jury trial, convicting him of burglary in the second degree and petit larceny, and sentencing him, as a second felony offender, to serve a term of 10 to 12 years; and from each and every intermediate order. Judgment affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH KREVOFF, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered December 14, 1959, convicting him after a non-jury trial (a jury having been waived), of burglary in the third degree, and sentencing him, as a fourth felony offender, to serve a term of 5 to 15 years, such term to follow consecutively after the completion of another sentence under which he has violated his parole. Judgment reversed on the law and the facts, and a new trial ordered. Complainant testified that she closed and locked the outer door of her apartment at 11:00 A.M. on the day when the alleged burglary occurred and that when she returned five hours later she discovered defendant in the apartment under circumstances indicating that he entered through that door. There was no evidence that the door had been forced or any other evidence establishing how defendant entered the apartment. In our opinion, the evidence that the defendant, when discovered, was attempting to conceal himself, together with proof that he made no explanation to complainant as to his presence but fled from the apartment and later from the building after having given the doorman a false explanation as to his presence, was sufficient to establish that he was in the apartment with intent to commit a crime, in the absence of evidence to the contrary (cf. *People v. Kohn*, 251 N. Y. 375, 378). The evidence is, nevertheless, insufficient to establish a breaking, in view of the fact that complainant had concededly given permission to her son to enter the apartment during her absence by obtaining the superintendent's key; and neither the son nor the superintendent was called to testify whether he had or had not done so. Under the circumstances, the facts established are not entirely inconsistent with the possibility that the door may have been left open and that defendant entered the apartment without the breaking which is an essential element of the crime charged (cf. *People v. Allen*, 265 App. Div. 840). Since evidence sufficient to establish the breaking may be available to the People, a new trial is directed (cf. *People v. Lee*, 308 N. Y. 302, 305). Nolan, P. J., Kleinfeld and Pette, JJ., concur; Beldock and Christ, JJ., dissent and vote to affirm, with the following memorandum: The door of complainant's apartment was closed and locked when she left the apartment at 11:00 A.M., and was closed and locked when she returned at 4:00 P.M. It is pure speculation to hold that in that interval it is possible that complainant's son asked the superintendent for the key, that the son entered the apartment, left the door open either when he entered or when he left, that appellant entered while the door was open, and thereafter closed and locked the door behind him while he was in the apartment.