■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICIA REED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered March 26, 1984, convicting her of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

The defendant landlord was convicted of charges arising from her entry into the complainant tenant's home upon complainant's default in making rent payments and the defendant's removal of various cabinets, counter tops and household fixtures which she had installed at the commencement of the tenancy. At trial, defense counsel's efforts to elicit his client's testimony as to her state of mind upon entry of the premises and removal of the items were curtailed by the court upon the prosecutor's objections.

Penal Law § 140.25 requires that a burglar knowingly enter or remain unlawfully in a dwelling with intent to commit a crime therein. "Essentially, this *mens rea* requirement means that the intruder must be aware of the fact that he has no license or privilege to enter the premises * * * Thus, a person who mistakenly believed that he was licensed or privileged to enter a building, would not be guilty of burglary, even though he entered with intent to commit a crime therein" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 140.20, pp 36-37; *see also, People v Basch,* 36 NY2d 154; *People v Insogna,* 86 AD2d 979).

Similarly, the relevant statutory provision governing criminal mischief requires a showing that, *inter alia,* the defendant had no right to damage the property and that he had no reasonable ground to believe that he had such right (Penal Law § 145.00 [1]). On the issue of intent the defendant should have been permitted the opportunity to testify both as to her belief that as a lessor she was privileged to enter the property and that she was entitled to remove the property to which she held title. This error was compounded by the unclear instructions to the jury with respect to the significance of the defendant's state of mind, and cannot be deemed harmless inasmuch as the defense was thereby precluded from negating necessary elements of the crimes charged.

We note that the trial court's ruling which permitted the People to adduce evidence of the defendant's alleged theft of several items of the complainant's property at the time of her entry to demonstrate the requisite intent for a burglary conviction pursuant to *People v Molineux* (168 NY 264) was in error. This evidence was inadmissible as having no probative value inasmuch as the defendant denied the theft and the lack of substance to such charges is evidenced by the Grand Jury's refusal to return an indictment as to them. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.