■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOPPOLITO TORRES, Also Known as GUSTALO PEREZ, Appellant. —Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered May 20, 1988, which convicted defendant, after a jury trial, of burglary in the second degree and sentenced him, as a second violent felony offender, to an

indeterminate prison term of from 6 to 12 years, unanimously affirmed.

On August 27, 1989, defendant was observed by a tenant pushing a metal device into the cylinder locks of the entrance doors to two apartments.

On appeal defendant asserts that the hallway in which he was observed was not a dwelling but a public place. Therefore, it is urged that all the elements of the crime of burglary were not met. We do not agree.

The term dwelling is defined by Penal Law § 140.00 (3) as a "building" which is usually occupied by a person lodging therein at night. *People v McCurdy* (86 AD2d 493, 497-498 [2d Dept 1982]) recognized that while hallways of multioccupant dwellings are often of a public nature, the hallway of a brownstone with a locked front door should be considered part of the dwelling. The apartment building in question is six stories, but also was locked at the front door and was equipped with a buzzer and intercom system. There was also a "No Trespassing" sign in both English and Spanish posted at the entrance.

More recently, in *People v Rodriquez* (159 AD2d 201 [1st Dept 1990]), we held that the first-floor stairwell of a housing project separated from the lobby by a door was open only to building residents and their invitees.

Defendant's remaining claims relating to summation comments, none of which was preserved (CPL 470.05 [2]), nonetheless, are meritless. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.