■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODSON, Appellant.—Judgment, Supreme Court, Bronx County (Phylis S. Bamberger, J., at plea and sentence), rendered February 28, 1990, convicting defendant upon his plea of guilty of burglary in the second degree and arson in the second degree, and sentencing him to concurrent terms of imprisonment of 1 to 3 years to be served concurrently with a Federal sentence previously imposed, unanimously affirmed.

Defendant was jointly indicted with two others and charged with acting in concert in connection with the crimes alleged.

The record indicates clearly that defendant, aided by counsel, entered a knowing, intelligent and voluntary plea, without admitting guilt of specific acts, after the prosecutor set forth on the record strong evidence of defendant's actual guilt, to show that the People could properly prosecute defendant on the ground of acting in concert with others who committed a burglary and arson involving particular building and apartment premises in Bronx County. *(See, North Carolina v Alford,* 400 US 25.) Defendant was the landlord of the premises involved. Since a specific apartment was involved in this case, defendant could be held liable for acting in concert with others named in the indictment properly charged with burglary. (Penal Law § 20.05.)

As defendant made no objection to either the plea or sentence proceedings on the ground of an alleged violation of the Interstate Agreement on Detainers, he has failed to preserve the issue for appellate review. *(See, e.g., People v Gooden,* 151 AD2d 773.) In any event, defendant's utter failure to provide any record on the issue for this Court's review, precludes such review. *(See, e.g., People v Olivo,* 52 NY2d 309.) Furthermore, in light of the fact that defendant received the benefit of a

most favorable plea bargain in the circumstances, his claim of ineffective assistance of counsel on the ground that his trial counsel failed to argue with respect to the Interstate Agreement on Detainers issue, must fail. *(See, People v Tollinchi,* 157 AD2d 495.) Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.