■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered December 20, 1989, convicting defendant, after a jury trial, of burglary in the second degree and robbery in the third degree, and sentencing him as a second violent felony offender, to concurrent terms of imprisonment of 6-½ to 13 years and 3-½ to 7 years, respectively, to run consecutively to sentences imposed under Indictment Nos. 11943/88 and 4628/89, unanimously affirmed.

Defendant's argument that the court's supplemental charge erroneously defined the term "dwelling" as used in the burglary statute to encompass the small, unlocked public vesti-

bule leading to complainant's apartment building is unpreserved (CPL 470.05 [2]), and we decline to review the issue in the interest of justice. In any event, the evidence adduced at trial established overwhelmingly that the offense occurred beyond the threshold of the second, locked hallway door, in an area of the building that was indisputably part of complainant's dwelling *(People v Torres,* 162 AD2d 385, *lv denied* 76 NY2d 897). Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.