■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSHE BARAK, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered March 5, 1991, convicting him of burglary in the second degree, criminal trespass in the second degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the complainant had dated for approximately two years when the complainant decided to terminate the relationship. After she told the defendant that she did not want to see him anymore, he entered her home on two different occasions without her permission. He did not knock on the door or ring the doorbell. Rather, on the first occasion, at approximately 3:00 A.M. on June 19, 1990, the defendant broke a basement window to gain entry into the complainant's house. He then attempted to convince the complainant to resume their relationship.

When the complainant was returning to her home about 10:00 P.M. on July 22, 1990, she heard footsteps in the house as she entered. She retreated to her car in the garage, but suddenly the defendant appeared beside her. His demeanor thoroughly frightened her. He had a rope around his waist and was wearing gloves and holding a heavy electronic cable in his hand. He told the complainant that he was going to kill her by strangulation if she did not return to him. At one point, the defendant began to demonstrate how he was going to do this. He reached for the complainant and tried to force a washcloth into her mouth, until she managed to push him away. The defendant further explained the grim details of how he would kill the complainant and conceal her body for a

year, after which he would burn the body so no one would know what had happened to her.

On appeal, the defendant claims that the evidence was not legally sufficient to sustain his conviction. We disagree. By entering the complainant's home without her consent on June 19, 1990, and at a time and in a manner that was not authorized, the defendant committed criminal trespass in the second degree *(see,* Penal Law § 140.15; *People v Basch,* 36 NY2d 154, 159; *People v Bell,* 131 AD2d 859, 861; *People v Tuchinsky,* 100 Misc 2d 521, 524).

We further find that by entering the complainant's home without her consent on July 22, 1990, and by threatening to kill the complainant while exhibiting the means to do so, the defendant committed both burglary in the second degree *(see,* Penal Law § 140.25 [2]; *People v Mahboubian,* 74 NY2d 174, 193; *People v Mackey,* 49 NY2d 274, 278-281; *People v Colon,* 169 AD2d 835; *People v Howard,* 163 AD2d 533) and the separate crime of menacing *(see,* Penal Law § 120.15; *Matter of Ramon M.,* 109 AD2d 882, 883).

We also disagree with the defendant's claim that his sentence was excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Thompson, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.