■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL ISIDORE, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted, following a jury trial, of burglary in the second degree (see, Penal Law § 140.25 [2]) and petit larceny (see, Penal Law § 155.25), in connection with the alleged burglary and theft of personal property from his sister's apartment on February 21, 1987. On this appeal, defendant contends that his conviction of burglary in the second degree is not supported by legally sufficient evidence that he entered the apartment unlawfully. We agree.

A person is guilty of second degree burglary in violation of Penal Law § 140.25 (2) when he "knowingly enters or remains unlawfully" in a dwelling "with intent to commit a crime therein". "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]). Generally, a person is "licensed or privileged" to enter premises when he has the permission of the owner or someone whose relationship to the premises gives him authority to grant such consent (see, People v Graves, 76 NY2d 16, 20).

Defendant's sister testified that on February 21, 1987, defendant had her consent to enter her apartment and the People failed to prove beyond a reasonable doubt that defendant's entry was unlawful (see, People v Bleakley, 69 NY2d 490, 495). Therefore, we modify the judgment by reversing defendant's conviction of burglary in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.