■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ULOTH, JR., Appellant. [607 NYS2d 767] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: We reject the contentions of defendant that his conviction of sexual abuse in the first degree and assault in the third degree is not based on legally sufficient evidence and is against the weight of the evidence. We agree, however, with defendant that the People's proof is insufficient to establish that he knowingly entered complainant's premises unlawfully to sustain his conviction of burglary in the second degree *(see,* Penal Law § 140.25). " '[T]he intruder must be aware of the fact that he has no license or privilege to enter the premises * * * Thus, a person who mistakenly believed that he was licensed or privileged to enter a building, would not be guilty of burglary, even though he entered with intent to commit a crime therein' " *(People v Reed,* 121 AD2d 574, 575, quoting Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 140.20, at 36-37).

The record establishes that defendant came to complainant's door at approximately 10:00 P.M. on February 14, 1992

and that she opened it. After complainant spoke with defendant in the doorway for a short period, defendant entered her home where, prior to the sexual assault, they played cards and watched television. Complainant never testified that she in any manner indicated to defendant that he did not have permission to enter the premises. Additionally, complainant testified that she and defendant attended the same high school, that they were friends, and that they went out socially with friends on numerous occasions. She further testified that defendant's family and her family were very close friends.

Given those circumstances, it was reasonable for defendant to conclude, even if mistakenly, that he was licensed or privileged to be on the premises, and therefore the People failed to prove defendant's " 'knowing [and] unlawful entry' " to sustain his burglary conviction (*People v Insogna*, 86 AD2d 979; *see also, People v Basch*, 36 NY2d 154, 159; *People v Reed, supra*). Consequently, we reverse defendant's conviction of burglary in the second degree, vacate the sentence imposed thereon and dismiss the third count of the indictment.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Balio, Lawton, Boehm, JJ.