■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MELENDEZ, Appellant. [613 NYS2d 867] —Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered July 23, 1992, convicting defendant, after a jury trial, of two counts of burglary in the second degree, unlawful imprisonment in the first degree, two counts of assault in the third degree, criminal contempt in the second degree and harassment, and sentencing him to consecutive terms of 4 to 12 years on the burglary counts to run concurrently with concurrent terms of 1 to 3 years, 1 year, 1 year, 1 year and 15 days, respectively, on the remaining counts, unanimously affirmed.

Defendant's guilt of burglary in the second degree concerning the May 4, 1991 incident was proven beyond a reasonable doubt. "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when * * * [t]he building is a dwelling." (Penal Law § 140.25 [2].) Defendant contends that the People did not prove that his entry into complainant's apartment was unlawful because "there was no evidence of a forced entry" and because "[complainant] never testified that she had informed [defendant] that he did not have permission to be in her apartment". In light of defendant's abusive behavior prior to the May 4th incident, the jury could reasonably have found that he did not have permission or authority to enter her apartment (see, People v Jordan, 193 AD2d 890, 894, lv denied 82 NY2d 756). For example, trial testimony showed that just two days earlier, defendant entered the apartment of complainant's sister, located in the same building, pointed a knife in complainant's face and said "if you don't come with me, I'm going to cut you". The police were summoned and a complaint was filed against defendant. Although this incident occurred in a neighboring apartment,

the jury could reasonably have concluded that, two days later, defendant was not welcome to enter complainant's apartment uninvited.

Defendant also contends that the evidence did not prove beyond a reasonable doubt that he entered the apartment "with the intent to commit *therein* murder or assault". The court charged the jury that the People had to prove that defendant, at the time of his unlawful entry, intended to commit murder in the second degree, assault in the first degree or assault in the second degree. Although the People objected that they were only required to prove intent to commit "a crime" (Penal Law § 140.25), not one of the three crimes enumerated by the court, the court declined to change its instructions on the second degree burglary charge. In any event, even under this more stringent standard, the jury could reasonably have inferred that defendant entered the apartment at least with the intent of causing complainant "serious physical injury", i.e., assault in the second degree (Penal Law § 120.05 [1]), based on evidence that he had broken her nose with his fist about a month earlier in her apartment, had threatened to cut her with a knife two days earlier and threatened to hit her on the day of the unlawful entry *(see, People v Barak,* 185 AD2d 278, 279).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.