■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEFORREST DALE, Appellant. [637 NYS2d 873] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that the evidence that he entered the building unlawfully is insufficient to support his conviction of burglary in the third degree. We agree. The People failed to prove beyond a reasonable doubt that defendant knowingly entered or remained unlawfully on the premises *(see,* Penal Law § 140.20; *People v Isidore,* 185 AD2d 622; *People v Insogna,* 86 AD2d 979). One unlawfully enters or remains in a building when he is "not licensed or privileged to do so" (Penal Law § 140.00 [5]). Where a person has permission of the owner, he has the "license or privilege" to enter or remain on the premises *(People v Graves,* 76 NY2d 16, 20; *People v Isidore, supra).*

Here, defendant's mother, the owner of the building, testified that defendant had keys to every lock in the building, that he had ready access to the building, and that he had stayed in the building past closing on previous occasions. She also indicated that he had permission to be there on the night of the alleged burglary. Consequently, we modify the judgment by reversing defendant's conviction of burglary in the third degree under count one of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment. In light of our determination, we do not consider defendant's contention that the court erred in permitting the

People to introduce inadmissible hearsay into evidence. We conclude that defendant's remaining contentions are without merit. (Appeal from Judgment of Livingston County Court, Cicoria, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Lawton, Balio and Davis, JJ. (Filed Dec. 29, 1995.)