■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MCCARGO, Appellant. [641 NYS2d 322] —Motion by the respondent on an appeal from a judgment of the County Court, Nassau County, rendered November 4, 1993, to reargue so much of a decision and order of this Court, dated January 16, 1996, as modified the judgment by reversing the defendant's conviction of burglary in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Ordered, on the court's own motion, that the unpublished decision and order of this Court dated January 16, 1996, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered November 4, 1993, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of burglary in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that his conviction of burglary in the second degree was not supported by legally sufficient evidence that he entered the apartment unlawfully. We agree. The charges arose out of an incident in which the defendant, the complainant's son, entered the complainant's apartment through a window and stole a videocassette recorder, television, and compact disc player. The defendant was named as a tenant on the lease. However, some time prior to this incident, due to intrafamilial differences, the complainant had asked the defendant to leave the apartment. The complainant testified that she gave the defendant permission to return to their apartment to pick up his personal belongings. She further testified that the defendant's social security checks were used to purchase items in her apartment and to pay the rent.

A person may be found guilty of burglary when he "knowingly enters or remains unlawfully" in a dwelling "with intent to commit a crime therein" (Penal Law § 140.25 [2]). A person "enters or remains unlawfully" in or upon a premises when he is not licensed or privileged to do so (Penal Law § 140.00 [5]).

One is "licensed or privileged" to enter upon a premises when he has "obtained the consent of the owner or another whose relationship to the premises gives him authority to issue such consent" (*People v Graves,* 76 NY2d 16, 20; *see also, People v Isidore,* 185 AD2d 622; *Barker v Parnossa, Inc.,* 39 NY2d 926; *Vaughan v Transit Dev. Co.,* 222 NY 79).

In view of the circumstances herein, it would have been reasonable for the defendant to conclude that he had a license or privilege to be on the premises. Therefore, the defendant's belief, even if mistaken, negates the element of knowingly entering or unlawfully remaining necessary for a conviction of burglary. Accordingly, we find that the People failed to prove beyond a reasonable doubt that the defendant's entry into the apartment was unlawful.

The issue of whether the prosecutor failed to provide a race-neutral explanation for his peremptory challenge of one black juror is unpreserved for appellate review, as this argument was not raised before the trial court (*see,* CPL 470.05 [2]; *People v Parks,* 210 AD2d 437). In any event, this contention is without merit. The prosecutor volunteered an explanation for his peremptory challenge of the juror in question. Contrary to the defendant's contention, the prosecutor satisfied his burden of providing a race-neutral explanation by indicating that he challenged the prospective juror because of her body language and various non-verbal cues. Thereupon, the burden returned to the defendant to prove that the explanation was pretextual. The defendant failed to do so (*see, People v Allen,* 86 NY2d 101).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.