■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VERASAMMY LACHMANAYA, Respondent. [654 NYS2d 640] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated November 9, 1995, as granted that branch of the defendant's omnibus motion which was to dismiss the first count of the indictment charging him with burglary in the second degree.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss the first count of the indictment is denied, the first count of the indictment is reinstated, and the matter is remitted for further proceedings on the indictment.

Viewing the evidence presented to the Grand Jury in a light most favorable to the People, it would be sufficient, if unexplained and uncontradicted, to warrant conviction of the defendant, on an acting in concert theory, of the crime of burglary in the second degree (*see, People v Jennings,* 69 NY2d 103; *People v Deegan,* 69 NY2d 976; *People v Woodson,* 176 AD2d 186; *People v Torres,* 162 AD2d 385; *People v Reed,* 121 AD2d 574; Penal Law § 140.25 [2]; CPL 70.10 [1]). Accordingly, that count of the indictment must be reinstated. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.