■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUDITA MIKE RAMOTAR, Respondent. [654 NYS2d 648] —Appeal by the People, (1) as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated October 5, 1995, as granted that branch of the defendant's omnibus motion which was to dismiss the first count of the indictment charging the defendant with burglary in the second degree, and (2) from a purported order of the same court, dated November 9, 1995, dismissing the same count of the indictment.

Ordered that the appeal from the purported order dated November 9, 1995, is dismissed, as no such order exists; and it is further,

Ordered that the order dated October 5, 1995, is reversed insofar as appealed from, on the law, and that branch of the defendant's omnibus motion which was to dismiss the first count of the indictment is denied, the first count of the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

Viewing the evidence presented to the Grand Jury in a light most favorable to the People, it would be sufficient, if unexplained and uncontradicted, to warrant conviction of the defendant, on an acting in concert theory, of the crime of burglary in the second degree (see, People v Jennings, 69 NY2d 103; People v Deegan, 69 NY2d 976; People v Woodson, 176 AD2d 186; People v Torres, 162 AD2d 385; People v Reed, 121 AD2d 574; Penal Law § 140.25 [2]; CPL 70.10 [1]; People v Lachmanaya, 236 AD2d 558 [decided herewith]). Accordingly, that count of the indictment must be reinstated.

The defendant's remaining contention is not properly before this Court (see, People v Kearse, 27 AD2d 548). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.