■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. LIOTTA, Appellant. [712 NYS2d 65] —Rose, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered April 6, 1999, upon a verdict convicting defendant of the crimes of burglary in the second degree, aggravated criminal contempt and endangering the welfare of a child, and (2) from a judgment of said court, rendered April 6, 1999, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

On the evening of June 12, 1998, Dawn Slopka rejected several telephone calls from defendant, her former boyfriend, asking to come to her apartment. When he continued to call her, she refused to answer and let her answering machine take his calls. Later, in the early morning hours after Slopka and her

young children had gone to sleep, defendant surreptitiously entered her apartment. The next morning, when she arose to go to work, she stepped on defendant, who was sleeping on the floor next to her bed. An argument erupted and defendant hit a glass light fixture, causing it to fall from the ceiling, nearly striking Slopka's daughter. Slopka deflected the fixture, which shattered when it struck the floor and cut her son's leg. Defendant then "headbutted" Slopka and pushed her down, injuring her nose and mouth and knocking out one of her teeth, and fled the apartment. Shortly thereafter, while Slopka was placing a 911 emergency call, defendant again entered the apartment. He came at her with his hands raised but then stopped, retreated and exited the apartment once more.

Defendant was indicted for two counts of burglary in the first degree, one count of aggravated criminal contempt and two counts of endangering the welfare of a child. A mistrial was declared during defendant's first trial in January 1999 when the People elicited testimony of drug abuse precluded by County Court's pretrial ruling. During defendant's second trial, County Court amended one of the counts of burglary in the first degree to burglary in the second degree. At the conclusion of that trial, defendant was acquitted of burglary in the first degree and one count of endangering the welfare of Slopka's daughter, but found guilty of burglary in the second degree, aggravated criminal contempt and endangering the welfare of Slopka's son. Defendant was thereafter sentenced to concurrent terms of imprisonment of 4 to 8 years for the burglary conviction and 2 to 6 years for the contempt conviction, and to a concurrent jail term of one year for his conviction of endangering the welfare of a child. Defendant appeals.*

Initially, we find no merit in defendant's contention that the evidence at the second trial was not legally sufficient to support a conviction of burglary in the second degree. As is relevant here, a "person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully in a building with the intent to commit a crime therein, and when * * * [t]he building is a dwelling" (Penal Law § 140.25 [2]). Slopka testified that although she and defendant had dated and once lived together, they were no longer a couple by June

---

* Under a separate indictment dated May 12, 1998, defendant was charged with aggravated unlicensed operation of a motor vehicle in the first degree. Defendant ultimately pleaded guilty to that crime and he was sentenced to a term of imprisonment of 1⅓ to 4 years at the same time he was sentenced for the other convictions. Although defendant filed a notice of appeal from this conviction as well, he does not address this conviction in his brief and his appeal from said judgment is therefore deemed abandoned.

1998 and she had changed the locks of her apartment, obtained an order of protection against him and expressly denied him permission to enter her apartment. Her testimony further confirmed that defendant entered her apartment without her consent, injured her, exited and then returned in a threatening way which caused her to fear for her life. Viewing the evidence in the light most favorable to the prosecution, we conclude that it is sufficient to support a valid line of reasoning leading rational persons to find that defendant entered Slopka's apartment without permission and with the intent to commit the crime of menacing by intentionally placing her in reasonable fear of injury or death (*see,* Penal Law §§ 120.13, 120.14, 120.15; *People v Trimm,* 252 AD2d 673, *lv denied* 92 NY2d 931; *People v Logan,* 243 AD2d 920, *lv denied* 91 NY2d 876).

Nor is· there merit to defendant's contention that the jury's finding of an unlawful entry was against the weight of the evidence because of the testimony of witnesses on his behalf confirming that Slopka voluntarily had frequent contact with him. A jury is free to selectively credit any portion of the evidence it deems worthy of belief and reject the rest (*see, People v Rose,* 215 AD2d 875, 876, *lv denied* 86 NY2d 793). Even if that testimony was credited, the jury had ample evidence from which to conclude that on the morning in question, defendant entered Slopka's apartment without her consent. Considering the evidence in a neutral light and weighing all of the inferences (*see, People v Thompson,* 267 AD2d 602, 604), we find that the verdict was not against the weight of the evidence (*see, People v Brown,* 227 AD2d 691, 693, *lv denied* 88 NY2d 980).

Next, we disagree with defendant's contention that County Court erred in granting a mistrial without prejudice and, thus, deprived him of his right against double jeopardy. "[R]etrial will be barred even though the defendant requests, and thereby consents to, a mistrial—when the prosecution deliberately provokes a mistrial" (*Matter of Davis v Brown,* 87 NY2d 626, 630). However, unless it can be shown that the prosecutor intentionally committed error for the sole purpose of provoking a motion for a mistrial, the defendant's right against double jeopardy is not violated (*see, People v Arduini,* 222 AD2d 965, 966, *lv denied* 87 NY2d 1016). The record here indicates that after investigating the prosecutor's knowledge and motivation in eliciting testimony precluded by its pretrial ruling, County Court expressly found that the prosecutor had intentionally elicited the improper testimony, but that such misconduct had not been orchestrated to provoke a mistrial. While faulting the

prosecutor for proceeding without first obtaining a ruling, County Court accepted the prosecutor's apparent belief that defendant had opened the door to such testimony as a good-faith motive for the improper questioning. Given its familiarity with the evidence and observations of the conduct of the prosecutor, County Court's exercise of its discretion to grant a mistrial without prejudice is to be accorded the highest degree of respect (*see, Matter of Maynard v Wait*, 246 AD2d 853, 854).

Defendant's remaining contentions concerning County Court's amendment of the indictment and charge to the jury as to the prosecution's burden of proof, the alleged repugnancy of the verdicts and the admission of the tape of Slopka's 911 call are not preserved for our review. However, were we to review them, we would find them to be lacking in merit as well.

Lastly, we briefly address defendant's contention that the sentence and commitment order erroneously indicates that he was convicted of burglary in the second degree pursuant to Penal Law § 140.25 (1) and (2) because he was convicted only pursuant to subdivision (2). On the record before us, we cannot ascertain whether the order is inaccurate or whether such a clerical error would in any way affect defendant's treatment by the Department of Correctional Services. However, as defendant alleges only informal contacts with County Court concerning the alleged error, we find it appropriate to remit the issue to County Court for consideration and correction, if needed.

Accordingly, the matter is remitted to County Court for consideration of defendant's contention regarding the accuracy of the commitment order only.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is withheld relating to indictment No. 98-520, and matter remitted to the County Court of Broome County for consideration of defendant's contention regarding the accuracy of the commitment order. Ordered that the judgment relating to indictment No. 98-305 is affirmed.