■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLENN A. TENNANT, Respondent. [728 NYS2d 292] —Peters, J. Appeal from an order of the County Court of Rensselaer County (Sheridan, J.), entered March 19, 1998, which granted defendant's motion to partially set aside the verdict and dismissed count one of the indictment.

On January 16, 1997, defendant allegedly entered the home of Jean Leonard and Russell Leonard, without permission, to solicit them as customers for his cleaning service. After being provided with a deposit for future work, he left. Shortly thereafter, the Leonards discovered that a silver watch was missing and reported the incident to the State Police. Defendant was subsequently indicted on one count of grand larceny in the fourth degree (see, Penal Law § 155.30 [6]), one count of petit

larceny (*see,* Penal Law § 155.25), and one count of burglary in the second degree (*see,* Penal Law § 140.25 [2]).

Following a jury trial, defendant was acquitted of the two larceny charges but convicted of the burglary charge. Thereafter, County Court, which had earlier reserved on the motion, granted defendant's motion for a trial order of dismissal (*see,* CPL 290.10 [1]) of the burglary count, concluding that the People failed to present evidence demonstrating that defendant knowingly entered or remained in the Leonards' home unlawfully (*see,* Penal Law § 140.25 [2]). Consequently, the court set aside the burglary conviction and this appeal by the People ensued.

Viewing the evidence, as we must, in a light most favorable to the People, we agree with County Court that the evidence was legally insufficient to support the conviction for burglary in the second degree (*see, People v Harper,* 75 NY2d 313, 316-317). The People were required to prove, beyond a reasonable doubt, that defendant knowingly entered or remained in the Leonards' home without a license or privilege to do so (*see,* Penal Law § 140.25; *see also,* Penal Law § 140.00 [5]), to wit, without their consent (*see, People v Graves,* 76 NY2d 16, 20; *People v Reed,* 121 AD2d 574, 575). The record reflects that defendant initially approached the Leonards' home on January 15, 1997 and left after Jean Leonard informed him that she was not interested in his services. Defendant returned the following day and rang the doorbell. After Jean Leonard opened an interior door, defendant opened the exterior storm door and entered the foyer where the two conversed briefly. Defendant then walked past her, without ever touching her, and entered the kitchen through the open interior door. Jean Leonard failed to voice her protest to his entry or provide him with any indication that his presence was unwelcome or without her consent. Russell Leonard returned while defendant was already in the home yet defendant remained there for approximately one hour while he completed an inspection, drafted a work order and arranged to purchase some of Jean Leonard's costume jewelry. After she signed a receipt acknowledging their jewelry transaction and provided defendant with a deposit for his cleaning services, he left.

While we acknowledge that the lack of license or privilege may be established by circumstantial evidence (*see, People v Quinones,* 173 AD2d 395, *lv denied* 78 NY2d 972), here we find no evidence, circumstantial or otherwise, establishing that defendant knew that he lacked permission to enter or remain in the Leonards' home (*see, People v Graves, supra; People v-*

*McCargo*, 226 AD2d 480; *People v Uloth*, 201 AD2d 926; *People v Insogna*, 86 AD2d 979; *People v Miles*, 85 AD2d 610) or that his entry was obtained by means of fraud or deception (*see, e.g., People v Mitchell*, 254 AD2d 830, *lv denied* 92 NY2d 984; *People v Johnson*, 190 AD2d 503, *affd* 82 NY2d 683). Although Jean Leonard testified that she was fearful of him and never expressly permitted his entry, there was no evidence that defendant was aware of her subjective state of mind or that either of the Leonards ever expressed their desire for him to leave. With no further evidence that defendant utilized force to enter the home, we find it reasonable to infer that he would have exited upon request just as he had when his offer of services was rebuffed the day before. For these reasons, we affirm.

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed.