■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY S. GRICE, Appellant. [752 NYS2d 507] —Appeal from a judgment of Genesee County Court (Noonan, J.), entered September 22, 2000, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and facts by reversing that part convicting defendant of criminal trespass in the second degree and vacating the sentence imposed thereon and by vacating the order of protection and as modified the judgment is affirmed and the matter is remitted to Genesee County Court for further proceedings in accordance with the memorandum herein. All findings of fact made by the trier of fact that are inconsistent with the memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]; § 265.01 [2]) and the lesser included offense of criminal trespass in the second degree (§ 140.15). Defendant's contention that the conviction of criminal trespass is not supported by legally sufficient evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review that conten-

tion as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant, however, that the verdict finding him guilty of criminal trespass is against the weight of the evidence. Upon our review of the evidence, we find that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495) on the issue whether defendant knew that he lacked permission to enter the victim's apartment (*see People v Tennant*, 285 AD2d 817, 818-819). We therefore modify the judgment by reversing that part convicting defendant of criminal trespass in the second degree and vacating the sentence imposed thereon.

The further contention of defendant that the verdict convicting him of criminal possession of a weapon in the third degree and acquitting him of burglary in the second degree (Penal Law § 140.25 [2]) is repugnant is not preserved for our review (*see People v Alfaro*, 66 NY2d 985, 987). In any event, that contention is without merit. In determining whether a verdict is repugnant, "[t]he critical concern is that an individual not be convicted [of] a crime on which the jury has actually found that the defendant did not commit an essential element, whether it be one element or all" (*People v Tucker*, 55 NY2d 1, 6, *rearg denied* 55 NY2d 1039). Based on County Court's charge, the jury could rationally have found that defendant formed the intent required by Penal Law § 265.01 (2) after he entered the apartment.

We reject the additional contention of defendant that the verdict convicting him of criminal possession of a weapon in the third degree is against the weight of the evidence. "The jury was entitled to resolve issues of credibility against defendant, and it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Williams*, 295 AD2d 915, 915).

The People agree with the remaining contention of defendant that the court, in setting the duration of the order of protection, erred in failing to take into account the jail time credit to which he is entitled (*see People v Holmes*, 294 AD2d 871; *People v Viehdeffer*, 288 AD2d 860). We therefore further modify the judgment by vacating the order of protection, and we remit the matter to Genesee County Court to determine the jail time credit to which defendant is entitled and to specify in the new order of protection a termination date that is three years from the date of expiration of the maximum term of the sentence, less the jail time credit to which defendant is entitled (*see* CPL 530.13 [4]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.