THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO TROCHE, Appellant. [917 NYS2d 583]—

Appeals by the defendant from two judgments of the County Court, Orange County (Freehill, J.), both rendered June 26, 2008, convicting him of burglary in the second degree, criminal possession of a weapon in the fourth degree, and aggravated harassment in the second degree under indictment No. 07-351, and assault in the third degree and criminal contempt in the second degree (three counts) under indictment No. 07-832, upon a jury verdict, and sentencing him to a determinate term of 10 years of imprisonment on the conviction of burglary in the second degree, a determinate term of one year of imprisonment on the conviction of criminal possession of a weapon in the fourth degree, a determinate term of one year of imprisonment on the conviction of aggravated harassment in the second degree, a determinate term of one year of imprisonment on the conviction of assault in the third degree, to be served concurrently, and concurrent determinate terms of one year of imprisonment on each of the convictions of criminal contempt in the second degree to be served consecutively with the sentences on the other convictions.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of burglary in the second degree from

a determinate term of 10 years of imprisonment to a determinate term of 7¹/₂ years of imprisonment and by providing that the defendant's one-year sentences on the convictions of criminal contempt in the second degree shall run concurrently to the sentences imposed on the other convictions; as so modified, the judgments are affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt of burglary in the second degree (*see People v Liotta*, 274 AD2d 751, 753 [2000]; *People v Morgan*, 259 AD2d 771, 772-773 [1999]; *People v Jordan*, 193 AD2d 890, 894 [1993]; *People v Barak*, 185 AD2d 278, 279 [1992]; *People v Quinones*, 173 AD2d 395, 396 [1991]; *People v Bell*, 131 AD2d 859, 861 [1987]; *cf. People v Tennant*, 285 AD2d 817, 819 [2001]; *People v McCargo*, 226 AD2d 480, 481 [1996]; *People v Uloth*, 201 AD2d 926, 927 [1994]; *People v Insogna*, 86 AD2d 979 [1982]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Jackson*, 38 AD3d 1052, 1054 [2007]; *People v Liotta*, 274 AD2d at 753; *People v Giannizzero*, 209 AD2d 635, 636 [1994]).

The defendant's contention that his conviction of assault in the third degree is based upon legally insufficient evidence is unpreserved for appellate review (*see* CPL 470.05; *People v Xavier V.*, 10 AD3d 427, 427 [2004]).

Insofar as the defendant's allegations of ineffective assistance of counsel are based upon matter which is dehors the record, they are not reviewable on this appeal (*see People v Tillman*, 74 AD3d 1251 [2010]; *People v Dunbar*, 74 AD3d 1227 [2010]). To the extent that the record permits review of the defendant's claim, the defendant was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708 [1998]).

The sentences imposed were excessive to the extent indicated herein.

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.