THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUJAAHID TAUFIQ, Appellant. [982 NYS2d 146]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered November 14, 2011, convicting him of burglary in the first degree, attempted assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of burglary in the first degree under count one of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As relevant hereto, a person may be found guilty of burglary in the first degree when he or she "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein" (Penal Law § 140.30; *see People v Graves*, 76 NY2d 16, 20 [1990]). "A person 'enters or remains unlawfully' in or upon premises when he [or she] is not licensed or privileged to do so" (Penal Law § 140.00 [5]; *see People v Aveni*, 100 AD3d 228, 242 [2012]). "[An] intruder must be aware of the fact that he [or she] has no license or privilege to enter the premises" (*People v Uloth*, 201 AD2d 926, 926 [1994] [internal quotation marks

omitted]; *see People v Aveni,* 100 AD3d at 242; *People v Reed,* 121 AD2d 574, 575 [1986]). "Thus, a person who mistakenly believed that he [or she] was licensed or privileged to enter a building, would not be guilty of burglary, even though he [or she] entered with intent to commit a crime therein" (*People v Uloth,* 201 AD2d at 926 [internal quotation marks omitted]; *see People v Reed,* 121 AD2d at 575; *People v Dombrowski,* 87 AD3d 1267, 1268 [2011]).

Upon the exercise of our factual review power (*see* CPL 470.15), we find that the jury's verdict as to burglary in the first degree was against the weight of the evidence. If, based on all the credible evidence, a different finding would not have been unreasonable, then we are required to weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then we may set aside the verdict (*see id.*; *People ex rel. MacCracken v Miller,* 291 NY 55, 62 [1943]). Applying this standard of review to the proof adduced at the defendant's trial, an acquittal on the charge of burglary in the first degree that was submitted to the jury would not have been unreasonable based upon the evidence presented and, moreover, the jury failed to accord the evidence on this issue the weight it should have been accorded (*see People v Romero,* 7 NY3d 633 [2006]).

The jury's finding that the defendant knowingly entered or remained unlawfully in the dwelling is against the weight of the evidence. Specifically, the weight of the evidence does not support a finding that the defendant entered the victim's dwelling. Instead, he remained in the vestibule area and used a ruse to lure the victim out of his apartment. Although the victim testified that the vestibule was part of his living area, this evidence was insufficient to establish that the defendant knew he entered or remained unlawfully in the area of the victim's dwelling. The physical layout of the vestibule area included a glass front entry door which was formerly a storefront. The door had stickers affixed bearing the names of credit card companies and an alarm company. There was no intercom or buzzer, and there was no "no trespassing" sign posted. The vestibule itself had utility meters, which are often in publicly accessible spaces, and a police officer testified that the vestibule was completely free of personal items.

Moreover, the victim's testimony that he always locked the glass front entry door is insufficient to establish that it was

locked at the time of the incident, especially in light of his testimony that the landlord also had a key (*see People v Krevoff*, 11 AD2d 1053 [1960] [evidence insufficient to establish locked door where apartment owner had given her son permission to enter her apartment by obtaining key from super, and neither super nor son were called to testify]). The victim also testified that he never asked the defendant how he entered the vestibule and never asked the defendant to leave the vestibule. A police officer testified that there was no evidence that the front entry door had been tampered with or that the lock had been broken.

As the jury's finding that the defendant knowingly entered or remained unlawfully in a dwelling is against the weight of the evidence, an essential element of the crime was not proved beyond a reasonable doubt. Accordingly, we vacate the defendant's conviction of burglary in the first degree under count one of the indictment, vacate the sentence imposed thereon, and dismiss that count of the indictment (*see* CPL 470.20 [5]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.