People v Beard (2020 NY Slip Op 07763)





People v Beard


2020 NY Slip Op 07763


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


771 KA 18-01804

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. BEARD, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WEEDEN A. WETMORE, SPECIAL DISTRICT ATTORNEY, ELMIRA (SUSAN RIDER OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered February 27, 2017. The judgment convicted defendant upon a jury verdict of murder in the first degree and murder in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of murder in the second degree and dismissing counts two and three of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]) and two counts of murder in the second degree (§ 125.25 [1], [3]).
Defendant's conviction arises from the killing of the wife of Thomas Clayton. On the evening the victim was killed, Clayton returned home from a late-night poker game and found his wife dead on the kitchen floor, having been beaten with a blunt instrument (see People v Clayton, 175 AD3d 963, 963 [4th Dept 2019]). The police learned that Clayton made a suspicious call to defendant during the poker game. They interviewed defendant, who led them to where the murder weapon had been discarded. The weapon had the victim's blood on it. Defendant then confessed that he killed the victim at Clayton's behest in exchange for a payment of $10,000. Defendant told the police that Clayton provided him with a house key, and the plan was for defendant to bludgeon the victim to death with a maul handle and then burn the house down in order to make the death look accidental. Defendant confessed that he went through with the murder, but panicked and fled before setting the fire. During his testimony at trial, defendant retracted portions of his confession, admitting only that Clayton offered him $10,000 to burn the house down. Defendant testified that, when he entered the house, he encountered the victim's lifeless body and a masked intruder, who handed defendant the murder weapon and ran away.
With respect to the count charging defendant with murder in the first degree, we reject defendant's contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of murder in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and according deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we conclude that the verdict is not against the weight of the evidence with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that count two of the indictment, charging him with intentional murder in the second degree (Penal Law § 125.25 [1]), must be dismissed as a lesser included count of murder in the first degree (see CPL 300.40 [3] [b]; Clayton, 175 AD3d at 967). We therefore modify the judgment accordingly.
In light of that determination, defendant's related contention that County Court erred in failing to charge counts one and two of the indictment in the alternative is academic.
Defendant further contends that the evidence is legally insufficient to support his conviction on count three of the indictment, charging him with felony murder in the second degree (Penal Law § 125.25 [3]). Specifically, defendant contends that there is insufficient evidence that he committed the predicate felony of burglary because the People failed to establish that he knowingly entered or remained unlawfully on the premises (see § 140.20; People v Dale, 224 AD2d 917, 917 [4th Dept 1995]). Although defendant failed to preserve his contention for our review (see People v Gray, 86 NY2d 10, 19 [1995]), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we agree with defendant. A person enters or remains in a building unlawfully when he or she is "not licensed or privileged to do so" (Penal Law § 140.00 [5]; see Dale, 224 AD2d at 917). Where the defendant has the "permission of [an] owner, he [or she] has 'license or privilege' to enter or remain on the premises" (Dale, 224 AD2d at 917, quoting People v Graves, 76 NY2d 16, 20 [1990]; cf. People v Glanda, 5 AD3d 945, 950 [3d Dept 2004], lv denied 3 NY3d 640 [2004], reconsideration denied 3 NY3d 674 [2004], cert denied 543 US 1093 [2005]). Here, it is undisputed that Clayton, an owner and occupant of the house, gave defendant permission to enter the house and a key to effect entry, and thus defendant did not enter the house unlawfully. Furthermore, "[t]he evidence failed to establish that defendant's license or privilege to be in the dwelling terminated, and therefore is legally insufficient to establish that defendant unlawfully remained therein" (People v Wright, 38 AD3d 1232, 1233 [4th Dept 2007], lv denied 9 NY3d 853 [2007], reconsideration denied 9 NY3d 884 [2007]; see People v Konikov, 160 AD2d 146, 152-153 [2d Dept 1990], lv denied 76 NY2d 941 [1990]). Because the evidence is insufficient to support the predicate felony of burglary, the evidence is likewise insufficient to support the conviction of felony murder (see People v Johnson, 250 AD2d 1026, 1028 [3d Dept 1998], lv denied 92 NY2d 899 [1998]; People v Parker, 96 AD2d 1063, 1065 [2d Dept 1983]). We therefore further modify the judgment by reversing that part convicting him of felony murder in the second degree and by dismissing count three of the indictment.
Defendant failed to preserve for our review his contention that he was improperly restrained at trial by a stun belt (see People v Schrock, 73 AD3d 1429, 1431 [4th Dept 2010], lv denied 15 NY3d 855 [2010]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant failed to preserve for our review his contention that the court erred in failing to charge the jury in accordance with CPL 60.50 (see People v Higgins, 123 AD3d 1143, 1144 [2d Dept 2014], lv denied 25 NY3d 1073 [2015]). In any event, that contention lacks merit. CPL 60.50 "does not mandate submission of independent evidence of every component of the crime charged . . . , but instead calls for 'some proof, of whatever weight, that a crime was committed by someone' " (People v Chico, 90 NY2d 585, 589 [1997]). Here, the People offered ample physical evidence that someone murdered the victim. Furthermore, we reject defendant's contention that counsel was ineffective for failing to request that charge (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Counsel is not ineffective for failing to make an argument that has " 'little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]).
Finally, the sentence is not unduly harsh or severe.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court