People v Mosley (2021 NY Slip Op 07395)





People v Mosley


2021 NY Slip Op 07395


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


929 KA 18-01883

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FAROD MOSLEY, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 8, 2018. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for burglary in the second degree under count four of the indictment to a determinate term of incarceration of seven years and five years of postrelease supervision, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence is legally insufficient to establish that he knowingly entered the victim's dwelling unlawfully. We reject that contention. To convict a person of burglary in the second degree, the People are required to establish that the defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein (see § 140.25 [2]). "A person 'enters or remains unlawfully' in or upon premises when he [or she] is not licensed or privileged to do so" (§ 140.00 [5]). "In general, a person is licensed or privileged to enter private premises when he [or she] has obtained the consent of the owner or another whose relationship to the premises gives him [or her] authority to issue such consent" (People v Dombrowski, 87 AD3d 1267, 1268 [4th Dept 2011] [internal quotation marks omitted]; see People v Graves, 76 NY2d 16, 20 [1990]). Because the intruder "must be aware of the fact that he [or she] has no license or privilege to enter the premises . . . , a person who mistakenly believed that he [or she] was licensed or privileged to enter a building . . . would not be guilty of burglary, even though he [or she] entered with intent to commit a crime therein" (People v Uloth, 201 AD2d 926, 926 [4th Dept 1994]; see Dombrowski, 87 AD3d at 1268).
Viewing the evidence in the light most favorable to the People, we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have" determined that defendant unlawfully entered the victim's dwelling (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; see generally People v Contes, 60 NY2d 620, 621 [1983]). Although there is no "direct testimony by the occupant[]" establishing defendant's unlawful entry, defendant's unlawful entry can be established circumstantially (People v Thornton, 4 AD3d 561, 562 [3d Dept 2004], lv denied 2 NY3d 808 [2004]; see People v Tennant, 285 AD2d 817, 818-819 [3d Dept 2001]). Despite testimony that defendant had, on occasion, been permitted to spend time at the victim's apartment, "it does not follow from that testimony that defendant had permission to enter the dwelling without the owner's knowledge or invitation" (People v Little, 139 AD3d 1356, 1356 [4th Dept 2016], lv denied 28 NY3d 933 [2016]), particularly where there was no evidence that defendant also lived at the apartment (cf. People v McCargo, 226 AD2d 480, 480-481 [2d Dept 1996]). Indeed, the People presented [*2]evidence that the victim had taken steps to secure her apartment to prevent defendant and a friend from stealing from her and that she had made statements to defendant intended to convey to him that she did not want him in her apartment by himself. The People also presented evidence that defendant used force to enter the apartment through a window (see People v Clarke, 185 AD2d 124, 125-126 [1st Dept 1992], affd 81 NY2d 777 [1993]; Little, 139 AD3d at 1356; Thornton, 4 AD3d at 562).
Viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we also reject defendant's contention that the verdict with respect to burglary in the second degree is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]). We note that there was nothing about the testimony establishing defendant's guilt that was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018] [internal quotation marks omitted]; see People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]). Further, the jury was entitled to disregard any portions of relevant testimony it found to be untruthful and accept the portions it found to be truthful and accurate (see People v Jemes, 132 AD3d 1361, 1362 [4th Dept 2015], lv denied 26 NY3d 1110 [2016]).
We conclude that County Court did not abuse its discretion in refusing to grant defendant youthful offender status (see People v Simpson, 182 AD3d 1046, 1047 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; see generally People v Minemier, 29 NY3d 414, 421 [2017]). In addition, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see Simpson, 182 AD3d at 1047; Lewis, 128 AD3d at 1400-1401; cf. Keith B.J., 158 AD3d at 1161).
We agree with defendant, however, that the sentence imposed—a determinate term of incarceration of 15 years, which is the legal maximum (Penal Law § 70.02 [3] [b])—is unduly harsh and severe. Under the circumstances of this case, including that defendant was 17 years old at the time of the incident, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of incarceration of seven years followed by the five-year period of postrelease supervision previously imposed by the court (see generally CPL 470.15 [6] [b]), which will continue to run consecutively to the sentences imposed under Indictment No.
2016-0678-1.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court