■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY J. SMITH, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered July 11, 1985, upon a verdict convicting defendant of two counts of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

On this appeal from his conviction for operating a motor vehicle while under the influence of alcohol, defendant has alleged a number of errors occurring during his trial which necessitate a new trial. In particular, defendant contends that County Court failed to properly dispose of his *Huntley* motion, that the jury was improperly informed of a prior arrest, that County Court improperly instructed the jury during voir dire and that evidence of an alco-sensor test was improperly admitted. None of these alleged errors has been properly preserved for our review since defendant never objected to any of them during trial *(see,* CPL 470.05 [2]). However, since defendant also asserts that these trial deficiencies demonstrate that he was unconstitutionally deprived of effective assistance of counsel, we review these issues on the merits.

In all, defendant faults trial counsel's representation on 16 different grounds, including the four listed above. It is our opinion that 15 of the 16 clearly do not form a basis for a finding of ineffective assistance of counsel. Either no error was committed or trial counsel's action was consistent with plausible trial tactics *(see, People v Baldi,* 54 NY2d 137, 146). The remaining issue concerns defendant's *Huntley* motion, and is a closer issue. The record reveals that defendant was served with a notice of intent to use admissions pursuant to CPL 710.30; however, the notice did not specify the statement to be used. Trial counsel requested a *Huntley* hearing, but no such hearing was scheduled. Before the People called their first witness at trial, the attorneys and the Trial Judge held an off-the-record conference, and trial counsel then stated on the record that he was withdrawing his *Huntley* motion and that all *Sandoval* issues were decided in his favor. Thereafter, the police officer who arrested defendant testified that defendant

made an incriminating statement. It appears from the record that the officer had testified before the Grand Jury that a different statement had been made, a fact brought out by trial counsel on cross-examination. It is defendant's contention that a *Huntley* hearing should not have been waived, and that this, coupled with trial counsel's elicitation of a different incriminating statement on cross-examination, demonstrate ineffective assistance of counsel.

The standard for gauging an attorney's representation is whether "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" *(People v Baldi, supra,* p 147). Unsuccessful trial tactics do not automatically indicate ineffectiveness *(id.,* p 146), and a "misguided though reasonably plausible strategy decision" does not constitute ineffective assistance of counsel *(People v Bell,* 48 NY2d 933, 935; *accord, People v Zaborski,* 59 NY2d 863, 864-865). We are of the opinion that trial counsel's actions with regard to the *Huntley* hearing and the subsequent testimony concerning defendant's statements were such unsuccessful trial tactics. The record reveals that trial counsel made a calculated decision to withdraw the *Huntley* motion. Trial counsel thereafter sought to impeach the testimony of the arresting officer as to the incriminating statement by utilizing the officer's Grand Jury testimony that a different statement in fact was made. As evidenced by his summation, trial counsel sought to show that defendant had made a nonincriminatory statement to the arresting officer and that the officer thereafter "strengthened" the statement to make it incriminatory. While it certainly may be said that trial counsel's strategy was not the wisest strategy available, we cannot say, after viewing this matter as of the time of representation, that trial counsel did not provide meaningful representation. Accordingly, we affirm.

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.