■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL LONGCHAMP, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 26, 1981, convicting him of criminal possession of a weapon in the third degree and bribery in the second degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was represented by an attorney, executed a formal written waiver of a jury trial in open court after an inquiry by the court as to his understanding of the consequences of his choice (see, People v Aponte, 144 AD2d 679; People v Harris, 133 AD2d 649, 650, lv denied 70 NY2d 932). Thus, we are satisfied that the defendant knowingly and intelligently waived his right to a jury trial (see generally, People v Davis, 49 NY2d 114).

Defense counsel's failure to move for a Huntley or Mapp hearing does not constitute ineffective assistance of counsel. Since the defendant conceded, in a taped conversation, that Detective Daly had probably seen the gun, the Mapp hearing would have been futile (see, People v Boero, 117 AD2d 814). Moreover, defense counsel's decision not to seek a Huntley hearing was a legitimate part of his trial strategy, which involved demonstrating that the police officers entrapped the defendant into making the bribe offer (see, People v Baldi, 54 NY2d 137; People v Smith, 126 AD2d 863). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.