■ In the Matter of Shafii J., a Person Alleged to be a Juvenile Delinquent, Appellant. [633 NYS2d 481] —Order, Family Court, Bronx County (Paul Grosvenor, J.), entered July 21, 1994, which adjudicated respondent a juvenile delinquent and placed him on probation for one year upon a fact-finding that he had committed acts which, if committed by an adult, would constitute the crimes of burglary in the second and third degrees, unlawful imprisonment in the first degree, criminal trespass in the second and third degrees, menacing in the second and third degrees and criminal possession of a weapon in the fourth degree, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of dismissing the third and fifth counts of the petition charging burglary in the third degree and criminal trespass in the second degree, respectively, and otherwise affirmed, without costs. The non-hearsay allegations of the petition and the complainant's supporting deposition established every element of each of the counts of burglary, criminal trespass, and unlawful imprisonment (Family Ct Act § 311.2). These charges were sustained by legally sufficient evidence at the fact-finding hearing. Before the complainant retrieved a gun from a holster around her waist, the respondent had grabbed her arm, pulled her toward him, placed a knife to her chest and ordered her to "come with me". These facts were sufficient to establish the element of "substantial interference" with the complainant's liberty *(see,* Penal Law § 135.00 [1]). The complainant's description of the manner in which respondent gained entry into the residential building, not open to the public, and his behavior inside the building demonstrating that he was not there for a legitimate reason, established the element of " 'enter[ing] or remaining unlawfully' " (Penal Law § 140.00 [5]).

Contrary to respondent's argument, the complainant's testimony and the physical evidence are reconcilable and we therefore decline to disturb the court's factual findings as against the weight of the evidence (*see, Matter of Christopher T.*, 156 AD2d 190).

The presentment agency concedes that the counts of the petition charging third-degree burglary and second-degree trespass should be dismissed as lesser included offenses of burglary in the second degree (*People v Glover*, 57 NY2d 61). Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.