OPINION OF THE COURT
 

 Wesley, J.
 

 This case calls into question the propriety of juror note-taking during trial. Based upon the need to respond to contemporary challenges facing our jury system, the over
 
 *415
 
 whelming authority of Federal and other State courts, and a healthy dose of common sense, we hold that it is within the sound discretion of trial courts to allow note-taking by jurors during a trial and therefore affirm the order of the Appellate Division so holding.
 

 I.
 

 On September 19, 1995 defendant Resean Hues sold a $20 packet of cocaine to an undercover officer in Ithaca, New York. He was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Defendant’s trial commenced with jury selection on December 4, 1995. Before trial County Court distributed to counsel copies of proposed preliminary and final jury instructions, which included instructions permitting the jurors to take notes while cautioning them about their use. Prior to the court’s initial instruction to the jury and during a break in the jury selection, defense counsel asked the court to “prohibit the jurors from taking notes during either the trial-in-chief or any of the charges by the Court.” The court denied the request.
 

 The court’s initial instruction in this regard indicated that:
 

 “Taking notes is neither encouraged nor discouraged. Note-taking is a privilege that you may decide to exercise or not. You are the best judge of whether taking notes during the trial would help you to follow and remember the material that is being presented. Do not feel that you are required to take notes.
 

 “Before you are sent to the jury room to deliberate upon your verdict you will be instructed that all jurors should be given equal attention during the deliberations regardless of whether they took notes during the trial.
 

 “If you do take notes during the trial you must not allow this to distract you from the proceedings. Any notes that you take must be used only to refresh your own memory during deliberations and may not be used as authority to persuade your fellow jurors as to what a witness did or did not say.”
 

 Later, following close of the evidence and before summations, defense counsel again requested that the court prohibit
 
 *416
 
 the jurors from taking notes during the charge. The court again denied counsel’s request, indicating that the jurors had been appropriately instructed on the use of notes. During the final instructions, the court stated:
 

 “For those of you who did take notes during the trial remember that any notes that you did take are to be used only to refresh your own memory during deliberations. They may not be used as' authority to persuade your fellow jurors as to what a witness did or did not say.
 

 “If there is any question as to what the testimony was or what my instructions to you were you should ask to have that portion of the testimony or the instructions read back to you.
 

 “Please ask me to clarify any instructions that you do not understand. If you make any such requests you must cease deliberations until the requested information can be provided.”
 

 On December 6, 1995 the jury rendered a verdict convicting defendant of the crimes charged; defendant was sentenced to two concurrent terms of 5 to 10 years. Defendant appealed and the Appellate Division affirmed, holding that the trial court had discretion in deciding whether to allow jurors to take notes and the court’s cautionary instructions were adequate and proper (244 AD2d 713). Defendant argues that the trial court abused its discretion as a matter of law and deprived him of a fair trial when it permitted the jury to take notes during testimony and the court’s charge without any request from the jury. Defendant contends that, despite the cautionary instructions from the Judge, there was a danger that the jury would believe they were
 
 required
 
 to take notes and that they would unduly rely on them in the jury room. We disagree.
 

 II.
 

 The common-law rule prohibiting jurors from taking notes during trial was a consequence of the high illiteracy rate during the earliest days of our republic. Judges did not allow note-taking because of the perceived danger that jurors capable of taking notes would dominate deliberations. To guard against this risk and to ensure a fair trial, early common-law Judges forbade juror note-taking
 
 (see, e.g., Watkins v State,
 
 216 Tenn 545, 552, 393 SW2d 141, 144-145; Penrod and Heuer,
 
 Tweak
 
 
 *417
 

 ing Commonsense: Assessing Aids to Jury Decision Making,
 
 3 Psychol Pub Pol'y & L 259, 263 [1997]).
 

 In New York, the practice of allowing jurors to take notes was authorized under the Code of Criminal Procedure
 
 (see,
 
 Former Code Grim Pro § 426;
 
 see also, People v DiLuca,
 
 85 AD2d 439, 443). Today, the practice is common
 
 (see,
 
 PJI3d 1:103 [1997]) and has been approved by all four Departments of the Appellate Division.
 
 [1]
 

 Juror note-taking has received considerable attention in recent years from courts, jury reform advocates and legal scholars.
 
 [2]
 
 The vast majority of jurisdictions that have considered this issue have held that the decision to permit jurors to take notes should be left to the sound discretion of the trial court. Indeed, many State and Federal appellate courts have permitted juror note-taking.
 
 [3]
 

 In its 1994 report to the Chief Judge on jury reform, the Jury Project endorsed juror note-taking as a matter of judicial discretion. The report recommends:
 

 “that judges be permitted to allow jurors to take notes as a matter of judicial discretion, so long as the jurors are instructed not to rely unduly on their own or others’ notes, to evaluate witness demeanor as well as testimony, and to ask for read-backs of
 
 *418
 
 testimony whenever juror recollections and notes conflict” (Jury Project, Report to the Chief Judge of the State of NY, at 111 [1994]).
 

 The American Bar Association has also endorsed juror note-taking, indicating that note-taking results in greater juror attention during the trial itself
 
 (Am Bar Assn Standards for Criminal Justice,
 
 Standard 15-3.5: Note Taking by Jurors [3d ed 1996]).
 

 Indeed, there are numerous benefits to juror note-taking. Note-taking can serve as a legitimate aid in absorbing and synthesizing information, as well as refreshing memory. Jurors today are often involved in longer trials, dealing with difficult issues. As cases have become increasingly complex, courts should have the option to allow jurors to take notes to aid their memories and to enable them to consider the evidence in a more informed fashion
 
 (see,
 
 Schwarzer,
 
 Communicating with Juries: Problems and Remedies,
 
 69 Cal L Rev 731, 758). In addition, note-taking may help focus a juror’s attention on the proceedings and prevent the juror’s attention from wandering (Parry,
 
 Taking Note of Note-Taking,
 
 10 Colum J L & Soc Probs 565, 578).
 

 Perhaps the most often-cited danger of note-taking is that the juror with the best notes will unduly influence and possibly mislead other jurors (McNagny,
 
 Jurors Should Not Be Allowed to Take Notes,
 
 32 J of Am Judicature Soc’y 58, 59). It is further argued that jurors may become distracted from the proceedings when taking notes. Instead of focusing on evidence and witnesses, jurors may be jotting down notes on an irrelevant point (McNagny,
 
 op. cit.,
 
 at 58). Others caution that jurors may place more significance on their notes, which may be inaccurate, incomplete or misleading, than on their own independent recollections
 
 (People v DiLuca, supra,
 
 at 444). The notes may accentuate irrelevancies and ignore more substantial evidence and issues.
 

 We are not convinced that jurors should be precluded, absent consent of the parties, from taking notes during a trial. While it is quite likely that some jurors will be more adept at note-taking than others, the same can be said with regard to a juror’s ability to concentrate or assimilate information. Note-taking may assist the juror in performing his/her function as a fact finder. With appropriate direction from the court, potential abuses arising from note-taking can be abated.
 

 Judges, lawyers and court clerks typically take notes during the trial. In light of the pervasive use of note-taking by others
 
 *419
 
 at trial to manage information, we are of a view that allowing jurors to take notes is long overdue. In fact, in a recent survey, 98% of jurors polled nationally and State-wide indicated that they would welcome the opportunity to take notes during trial.
 
 [4]
 

 Based upon the foregoing, we hold that a trial court — while not obligated to do so — has the discretion to permit note-taking by jurors during a trial. If a trial court determines that a particular case warrants note-taking, the court can,
 
 sua sponte,
 
 instruct jurors that they are permitted to take notes during the trial.
 

 This discretion, however, must be tempered, in light of the potential perils that note-taking can present during trial. Preliminary cautionary instructions should be given with respect to note-taking and the use of notes. The instructions should also be repeated at the conclusion of the case as part of the court’s charge prior to the commencement of jury deliberations.
 

 The instructions should explain to the jury that they should not allow their note-taking to become a distraction from the proceedings; that notes are only to aid a juror’s memory and are not superior to their independent recollection; that those jurors who do not take notes should rely on their independent recollection of the evidence and not be influenced by the fact that another juror has taken notes; and that the notes are only for the juror’s personal use in refreshing recollection of the evidence
 
 (People v DiLuca, supra,
 
 at 445-446). The court should also inform the jury that if there is a discrepancy between a juror’s recollection of the evidence and the juror’s notes, the jury should request a readback of the record and that the court’s transcript prevails over a juror’s notes. Finally, the jury should be reminded that notes are not a substitute for the official record or for the governing principles of law as enunciated by the trial court
 
 (People v DiLuca, supra,
 
 at 446).
 
 [5]
 

 In the case before us, there is no indication that the trial court abused its discretion in this regard. The trial court did not mandate that jurors take notes nor did it indicate that it was their duty to take notes. It gave appropriate cautionary instructions at the beginning of the trial and prior to the jury’s deliberations on the taking of notes and their use. We see no
 
 *420
 
 material difference between the court,
 
 sua sponte,
 
 instructing the jury on note-taking and the jury requesting such instructions.
 

 Defendant’s other arguments are either not preserved for our review or are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Cipabick concur.
 

 Order affirmed.
 

 [1]
 

 .
 
 People v Tucker,
 
 153 AD2d 164 (1st
 
 Dept); People v Schiliro,
 
 179 AD2d 693 (2d Dept);
 
 People v Dexheimer,
 
 214 AD2d 898 (3d Dept);
 
 People v Vaccarella,
 
 177 AD2d 990 (4th Dept).
 

 [2]
 

 .
 
 See,
 
 Penrod and Heuer,
 
 Tweaking Commonsense, op. cit.,
 
 at 259; Pertnoy,
 
 The Juror’s Need to Know vs. the Constitutional Right to a Fair Trial,
 
 97 Dick L Rev 627 (1993); Development in the Law,
 
 The Juror’s Capacity to Decide Complex Civil Cases,
 
 110 Harv L Rev 1489 (1997); Note,
 
 Expanding Jury Participation: Is it a Good Ideal,
 
 12 U Bridgeport L Rev 209 (1991).
 

 [3]
 

 .
 
 See, United States v Oppon,
 
 863 F2d 141 (1st Cir);
 
 United States v Bertolotti,
 
 529 F2d 149 (2d Cir);
 
 United States v Maclean,
 
 578 F2d 64 (3d Cir);
 
 United States v Polowichak,
 
 783 F2d 410 (4th Cir);
 
 United States v Rhodes, 631
 
 F2d 43 (5th Cir);
 
 United States v Johnson,
 
 584 F2d 148 (6th Cir);
 
 United States v Braverman,
 
 522 F2d 218 (7th Cir),
 
 cert denied
 
 423 US 985;
 
 United States v Bassler,
 
 651 F2d 600 (8th Cir),
 
 cert denied sub nom. Sprecher v United States,
 
 454 US 944,
 
 reh denied
 
 454 US 1129;
 
 United States v Vaccaro,
 
 816 F2d 443 (9th Cir),
 
 cert denied sub nom. Alvis v United States,
 
 484 US 914;
 
 United States v Riebold,
 
 557 F2d 697 (10th Cir),
 
 cert denied
 
 434 US 860;
 
 Goodloe v United States,
 
 188 F2d 621 (DC Cir),
 
 cert denied
 
 342 US 819.
 

 See also, People v Guzman,
 
 45 Cal 3d 915, 755 P2d 917;
 
 Esaw v Friedman,
 
 217 Conn 553, 586 A2d 1164;
 
 Commonwealth v Wilborne,
 
 382 Mass 241, 415 NE2d 192. For a more exhaustive list of other State decisions allowing juror note-taking,
 
 see,
 
 Annotation,
 
 Taking and Use of Trial Notes by Jury,
 
 36 ALRSth 255.
 

 [4]
 

 . Aronson, Rovella and Van Voris,
 
 Nat’l Juror Poll Finds Spirit of Independence,
 
 NYLJ, Oct. 26, 1998, at 1, col 5.
 

 [5]
 

 . Our holding squares with
 
 People v Tucker
 
 (77 NY2d 861) where we authorized note-taking during the court’s charge, if the
 
 court
 
 instructs the jury that any disagreement among the jurors about the law or evidence, including a juror’s recollection and another’s notes, requires a readback of the charge.