■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VEGA, Appellant. [725 NYS2d 306] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered July 6, 1999, convicting defendant, after a jury trial, of burglary in the first degree and attempted robbery in the second degree, and sentencing him to concurrent terms of 12½ to 25 years and 3½ to 7 years, respectively, unanimously affirmed. Judgment, same court and Justice, rendered July 6, 1999, convicting defendant, upon his plea of guilty of robbery in the

first degree and sentencing him to a concurrent term of 3 to 6 years, unanimously affirmed.

The statements of a severed, nontestifying codefendant were properly admitted as declarations against penal interest. These carefully redacted statements were admitted to establish elements of the crime and did not identify defendant as a participant. The statements were strictly limited to matters that were clearly against the declarant's penal interest, as well as matters that defendant requested to be restored after the court had redacted them. Although the declarant was attempting to avoid responsibility for the death of the victim, he was clearly acting against his penal interest when he admitted his guilt of burglary and robbery (*see, People v Brensic*, 70 NY2d 9, 16; *People v Thomas*, 68 NY2d 194, 198-199, *cert denied* 480 US 948). The reliability requirement was fully satisfied by extensive corroborating evidence, featuring defendant's own confession (*see, People v Settles*, 46 NY2d 154, 168-169).

In any event, the declarant's statements were cumulative of his plea allocution, which was also properly admitted. The plea allocution clearly met all of the requirements of *People v Thomas* (*supra*), and suffered from none of the defects discussed in *People v Blades* (93 NY2d 166).

Since, at trial, defendant only asserted that an evidentiary rule was violated, his constitutional arguments are unpreserved (*see, People v Maher*, 89 NY2d 456, 462), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the statements and plea allocution satisfied the reliability requirements of the Confrontation Clause and that none of defendant's constitutional rights were violated (*see, People v James*, 93 NY2d 620, 641-643; *see also, Williamson v United States*, 512 US 594, 605).

The court properly exercised its discretion in denying defendant's mistrial motion based on a claim that the manner in which a detective read the declarant's written statement at trial indicated to the jury that "we" and "he" referred to defendant. There is no evidence in the record that the jury observed and interpreted the detective's demeanor as reported by defense counsel (but unnoticed by the court and prosecutor), and the court's curative instructions were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865).

The court properly exercised its discretion in permitting the jury to take notes. Notes, if taken, were to be taken from the jurors prior to deliberations. Defendant's challenge to the sufficiency of the court's instructions to the jury concerning note taking is unpreserved and we decline to review it in the inter-

est of justice. Were we to review this claim, we would find that the instructions given to the jury were proper (*see, People v Hues*, 92 NY2d 413). In any event, the record does not indicate whether or not any jurors actually took notes. Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.