(December 27, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TENNYISON YOUNG, Appellant. [736 NYS2d 703] —Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.),

rendered August 21, 1998 in Albany County, upon a verdict convicting defendant of the crime of robbery in the third degree.

On December 10, 1997, the security personnel in Macy's department store observed defendant, by closed circuit television surveillance, place a store jacket underneath his own and leave without paying. Upon his exit from the store, a brief struggle with security personnel ensued during which defendant blew a grey powder into the face of J. Mark Cantwell, a security guard. Thereafter, Cantwell complained of irritation to his eyes, nose and throat and lower back pain that necessitated medical attention.

Indicted on a single count of robbery in the second degree, defendant moved to, *inter alia,* preclude the introduction of the video surveillance tape since the People failed to have disclosed it until one week prior to trial. Defendant also sought the imposition of sanctions for the People's failure to sufficiently enumerate and describe the injuries suffered by Cantwell in its bill of particulars. Supreme Court denied the requested relief. Convicted after a jury trial of robbery in the third degree and sentenced as a second felony offender, defendant appeals.

Initially, we reject defendant's contention that Supreme Court abused its discretion when it precluded the jurors from taking notes. In its preliminary instructions, the court detailed that, during the brief trial, note taking could distract jurors from their observation of a witness's demeanor, that juror's notes can confuse deliberations and that, upon proper inquiry, the court stenographer would read back the testimony verbatim. As this instruction was never objected to by either party, the issue is not properly preserved for further review (*see,* CPL 470.05 [2]; *People v Vega,* 282 AD2d 378, *lv denied* 96 NY2d 942). In any event, were we to review this claim, we would find it meritless.

We also reject defendant's contention that the late disclosure of the video surveillance tape constituted a *Brady* or *Rosario* violation. Recognizing that defendant was entitled to the production of the videotape and that defendant's demand therefor was timely, the record supports the People's contention that it did not have physical possession of the potentially exculpatory tape until just before the trial commenced. Since defendant had a week to review the tape and thus had "a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses" (*People v Cortijo,* 70 NY2d 868, 870), there can be no viable claim of prejudice. This, coupled with the fact that the videotape only showed defendant committing petit larceny since the actual physical struggle

occurred outside of the range of the store's camera, wholly supported the denial of the motion to preclude (*see, People v Travis*, 273 AD2d 544, 545; *People v West*, 271 AD2d 806, 806-807, *lv denied* 95 NY2d 893; *People v Kelly*, 270 AD2d 511, 514, *lv denied* 95 NY2d 854; *People v Demand*, 268 AD2d 901, 902-903, *lv denied* 95 NY2d 795).

Nor do we find merit in defendant's assertion that the People failed to sufficiently particularize the physical injuries sustained by Cantwell. As we have previously guided, "the bill of particulars is meant to provide what the People intend to prove * * * not show how they intend to do so" (*People v Ford*, 174 AD2d 853, 854, *lv denied* 78 NY2d 955 [citations omitted]). With the indictment specifically alleging that defendant "caused physical injury to one Mark Cantwell * * * consisting of a strained back and irritation to his throat and nasal passages" and the People proffering Cantwell's medical report as well as his Grand Jury testimony which fully described these injuries, we fail to discern how defendant's trial preparation was hindered (*see, People v Byrnes*, 126 AD2d 735, 736).

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.