■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL J. WEBSTER, Appellant. [736 NYS2d 157] —Rose, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 28, 2000, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree.

For his theft of an air compressor and other tools from a dwelling where he had previously resided as a guest of its lawful tenants, Daniel Marvin and Rose Marvin, defendant was convicted of second degree burglary and sentenced as a second felony offender to a 10-year determinate prison term. Defendant appeals, and we affirm.

Defendant contends initially that the evidence at trial failed to establish the "unlawful access" element of burglary in the second degree (*see,* Penal Law § 140.25) because he had resided at the dwelling with the tenants' permission shortly before the tools were removed and believed he had permission to reenter the premises. To establish that he reasonably believed such permission had been given, defendant cites the testimony of Rose Marvin confirming that she never told him that he could

not return to the premises after he moved out. Daniel Marvin testified, however, that when he told defendant to move out, he had stated that he and his wife were "cutting him off access as soon as he moved." Any arguable conflict between these testimonies presented an issue of credibility for the jury to determine (*see, People v Liotta*, 274 AD2d 751, 753; *People v Parkinson*, 268 AD2d 792, 793-794, *lv denied* 95 NY2d 801). Since the jury clearly credited Daniel Marvin's testimony, the evidence supports the finding of unlawful access. Our independent review of the trial evidence (*see, People v White*, 261 AD2d 653, 656, *lv denied* 93 NY2d 1029) also leads us to conclude that the jury accorded the evidence its proper weight (*see, People v Bleakley*, 69 NY2d 490, 495). Thus, we find that defendant's burglary conviction is supported by legally sufficient evidence and is not against the weight of evidence.

Defendant's arguments that County Court's instructions to the jury were inadequate and that the People's summation misstated both the evidence and the applicable law attempt to raise issues unpreserved for our review (*see, People v Holzer*, 52 NY2d 947, 948; *People v Keller*, 238 AD2d 758, 758, *lv denied* 92 NY2d 927; *People v Oquendo*, 232 AD2d 881, 883-884, *lv denied* 89 NY2d 927). In any event, were we to consider them in the interest of justice, we would nevertheless find that County Court's substantive instructions were adequate and that its curative instruction to the jury remedied any prejudice caused by the People's summation. Nor are we persuaded by defendant's contention that the 10-year sentence imposed is harsh and excessive (*see, People v Gaddy*, 191 AD2d 735, 736-737, *lv denied* 82 NY2d 718).

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.