■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC SAUNDERS, Appellant. [766 NYS2d 386] —Mugglin, J. Appeal

from a judgment of the Supreme Court (Lamont, J.), rendered August 21, 1997 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the second degree and criminal mischief in the third degree.

The victim of defendant's crimes obtained police assistance in removing defendant from her home. These convictions for robbery in the second degree and criminal mischief in the third degree are the result of defendant's conduct when he forcibly reentered her home later the same day. Defendant was sentenced as a second felony offender to prison terms of eight years, two months for the robbery conviction and 2 to 4 years for the criminal mischief conviction, the sentences to run concurrently.

On this appeal, defendant first asserts that the verdict is against the weight of the evidence, which argument requires that we conduct an independent review of the evidence, view it in a neutral light and determine if the facts fail to support the jury's verdict (*see People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Sullivan,* 300 AD2d 689, 691 [2002], *lv denied* 100 NY2d 587 [2003]; *People v Griffin,* 300 AD2d 743, 744 [2002], *lv denied* 99 NY2d 614 [2003]). In the total absence of conflicting testimony, defendant's argument reduces to an attack on the victim's credibility. Credibility assessments are within the province of the jury (*see People v Taylor,* 276 AD2d 933, 936 [2000], *lv denied* 96 NY2d 788 [2001]), and we accord great deference to its assessment (*see People v Parker,* 305 AD2d 858, 859 [2003]). We, therefore, conclude that the verdict is not against the weight of the evidence.

Next, by failing to make a timely objection, defendant's argument that Supreme Court erred in forbidding jurors from taking notes is unpreserved for our review (*see People v Young,* 289 AD2d 866, 867 [2001], *lv denied* 97 NY2d 763 [2002]). In any event, since this trial was neither long nor complex, we would find no abuse of the court's discretion in this regard (*see People v Hues,* 92 NY2d 413, 419 [1998]).

Defendant's third argument is that Supreme Court abused its discretion in making its *Sandoval* rulings. Supreme Court authorized cross-examination of defendant, should he elect to testify, regarding his prior conviction for criminal possession of a controlled substance in the seventh degree, one prior conviction for criminal possession of stolen property, and two prior convictions for petit larceny. Supreme Court prohibited the People from cross-examining defendant concerning five other prior convictions. Here, for the first time, defendant argues that since the drug possession conviction indicates that

defendant is an addict, it has little probative value. While this could have been considered by Supreme Court had it been raised (*see People v Young,* 249 AD2d 576, 581 [1998], *lvs denied* 92 NY2d 906, 908 [1998]), it does not have preclusive effect. Further, although the theft-related convictions are similar to the charges that defendant was confronting, similarity is only one factor to be considered (*see People v Hogencamp,* 295 AD2d 643, 643-644 [2002], *lv denied* 98 NY2d 697 [2002]). On this record, we conclude that Supreme Court's *Sandoval* decision struck an appropriate balance between the probative value of these prior convictions as measured against the possible prejudicial effect to defendant should he have chosen to testify (*see People v Reynolds,* 283 AD2d 771, 774 [2001], *lvs denied* 96 NY2d 866, 923 [2001]).

Lastly, we are unpersuaded by defendant's argument that his sentence is harsh and excessive. While defendant was offered a shorter sentence during plea bargaining, there is no evidence that he was punished for exercising his right to go to trial (*see People v Chilson,* 285 AD2d 733, 735 [2001], *lvs denied* 97 NY2d 640 [2001], 97 NY2d 752 [2002]; *People v Simon,* 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]). In light of defendant's extensive criminal history, the sentence being within the permissible range of sentences available, there exists no extraordinary circumstances which would require a modification.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.