■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY A. THORNTON, Appellant. [771 NYS2d 597]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 14, 2001, upon a verdict convicting defendant of two counts of the crime of burglary in the second degree.

Defendant's conviction, following a jury trial, of two counts of burglary in the second degree stems from his conduct on January 16 and 22, 2001 in unlawfully entering and stealing from two residences in the City of Albany. Sentenced to consecutive terms of 15 years' imprisonment and five-year periods of postrelease supervision, defendant appeals challenging, among other things, the evidence and the sentence.

The evidence demonstrated that in each incident, the occupants called police after returning home between 10:30 and 11:30 A.M. to discover that someone had entered their home and taken their belongings, including jewelry, keys, coins and electronics. In the first incident, a first-floor front window was partially open and boot prints were observed in the fresh snow outside the window. Forensic evidence established that defendant's fingerprint was on the sill of that window. In the second incident, the same police officer observed a single set of footprints leading from the rear of the home which appeared to be made by the same type of boot as in the first incident. Responding detectives followed the footprints to the rear of a nearby apartment building where defendant resided and, when an officer knocked on the apartment's front door, defendant fled out the rear door and was eventually apprehended. Many of the missing items were retrieved from defendant's apartment or were later turned over by defendant's cousin who had taken them from the apartment at the request of defendant's girlfriend.

Rejecting defendant's claims, we find that the evidence, viewed most favorably to the prosecution, was legally sufficient to establish a prima facie case that defendant knowingly and unlawfully entered these dwellings with intent to commit a crime therein (*see* Penal Law § 140.25 [2]; *People v Acosta*, 80 NY2d 665, 672 [1993]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Webster*, 290 AD2d 659 [2002], *lv denied* 98 NY2d 641 [2002]). Contrary to defendant's contentions, despite the absence of direct testimony by the occupants, his unlawful entry, i.e., that he knew he was "not licensed or privileged" to enter these dwellings (Penal Law § 140.00 [5]; § 140.25 [2]), was circumstantially established in both incidents beyond a reasonable doubt (*see People v Quinones*, 173 AD2d 395, 396 [1991], *lv denied* 78 NY2d 972 [1991]; *see also People v Francis*, 287 AD2d 396, 397 [2001], *lv denied* 98 NY2d 637 [2002]; *Matter of Shafii J.*, 221 AD2d 209 [1995]), by evidence including the victims' reports to police of having been burglarized, the manner of entry, and the proof that no one was home to consent to defendant's entry. Indeed, not a scintilla of evidence suggested

defendant had obtained the consent of the occupants or anyone else (*see People v Graves*, 76 NY2d 16, 20 [1990]; *People v Francis, supra*) or that defendant reasonably believed that he had a license or privilege to enter these homes (*see People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Webster, supra*; *People v Tennant*, 285 AD2d 817, 818-819 [2001]). Our independent review of the evidence also leads us to conclude that the jury accorded the evidence its proper weight and, thus, the verdict is not against the weight of the credible evidence (*see People v Bleakley, supra*; *People v Luck, supra*; *People v Webster, supra*).

Turning to defendant's claims of trial errors, in its preliminary charge, County Court requested that the jurors not take notes, explaining its reasons. Defendant did not object to either the court's explanation or its decision and, thus, his contentions in this regard are unpreserved for our review (*see* CPL 470.05 [2]; *see also People v Saunders*, 309 AD2d 1063, 1064 [2003]; *People v Young*, 289 AD2d 866, 867 [2001], *lv denied* 97 NY2d 763 [2002]). In any event, we discern no abuse of discretion in the court's determination not to permit note taking by the jurors in this case (*see People v Hues*, 92 NY2d 413 [1998]; *People v Saunders, supra*). Also, since note taking was not permitted, no cautionary instructions were needed (*see People v Hues, supra* at 419).

We agree, in part, with defendant's argument that the prosecutor's extended references and analogies at the outset of his summation to the September 11, 2001 terrorist attacks on the World Trade Center—which occurred only the week prior to this trial—constituted an improper appeal to the jurors' fears. Conjuring up such irrelevant and recent images was undoubtedly prejudicial and certainly unnecessary to make the point intended regarding circumstantial evidence undermining any finding of coincidence with regard to these burglaries, and defendant's repeated objections should have been sustained. In view of the overwhelming proof of defendant's guilt, however, we do not find that the improper comments denied defendant due process or a fair trial (*cf. People v Russell*, 307 AD2d 385, 386-387 [2003]; *People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]).

Finally, while consecutive, 15-year terms of imprisonment were statutorily authorized (*see* Penal Law § 70.02 [1] [b]; [3]; § 70.20 [2]), we are of the opinion that the resulting maximum aggregate 30-year sentence is unduly severe. Defendant was only 22 years old at the time of the present offenses, the only established prior criminal convictions were for misdemeanors

and a nonviolent felony related to drug possession, and the People initially offered him a sentence of 10 years in satisfaction of both counts in exchange for a guilty plea. Without in any manner minimizing the danger presented by defendant's invasion of two homes, we find it appropriate to modify the sentence by directing that the 15-year sentences run concurrently to one another, to be followed by the five-year period of postrelease supervision (*see* CPL 470.15 [6] [b]; *People v Holmes*, 304 AD2d 1043, 1045 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Harris*, 288 AD2d 610, 619 [2001], *affd* 99 NY2d 202 [2002]; *People v Sheppard*, 273 AD2d 498, 500 [2000], *lv denied* 95 NY2d 908 [2000]; *see also People v Delgado*, 80 NY2d 780 [1992]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentences shall run concurrently rather than consecutively, and, as so modified, affirmed.