■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HERNANDEZ, Appellant. [810 NYS2d 185]—

Judgment, Supreme Court, New York County (John Cataldo, J., on motion; Joan Sudolnik, J., at nonjury trial and sentence), rendered December 4, 2003, convicting defendant of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to an aggregate term of 4 1/2 to 9 years, unanimously affirmed.

The court properly exercised its discretion in receiving testimony that an officer saw defendant make an apparent uncharged drug sale, as the result of which the police immediately approached defendant, who dropped a bag containing 160 drug packets. The contemporaneous uncharged sale was admissible to establish the element of intent to sell under Penal Law § 220.16 (1), and the People were not required to "rest on the inference available, from defendant's possession of such a substantial quantity of drugs, that he intended to sell them" (*People v Alvino*, 71 NY2d 233, 245 [1987]). This evidence was also inextricably interwoven with evidence of the charged crime, and it completed the narrative by explaining the actions of the police, while at the same time carrying little suggestion of criminal propensity (*see People v Pressley*, 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995]). Moreover, this was a nonjury trial, and defendant's suggestion that the court may have treated this testimony as propensity evidence is baseless (*see People v Moreno*, 70 NY2d 403 [1987]).

The motion court properly declined to dismiss the indictment. The People properly introduced the above-discussed uncharged crime evidence before the grand jury. Although the prosecutor did not give the grand jury a limiting instruction concerning this evidence, the court correctly held that this was not a basis for dismissal. Even assuming that the prosecutor should have given such an instruction, the defect fell far short of impairing the integrity of the proceeding (*see* CPL 210.35 [5]; *People v*

*Darby*, 75 NY2d 449, 455 [1990]). We have considered and rejected defendant's remaining arguments concerning the grand jury proceedings. Concur—Saxe, J.P., Gonzalez, Catterson, McGuire and Malone, JJ.