[872 NE2d 1196, 840 NYS2d 890]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LAPETINA, Appellant.

Argued June 7, 2007; decided July 2, 2007

**APPEARANCES OF COUNSEL**

*White & White*, New York City (*Brendan White* and *Diarmuid White* of counsel), for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*Linda Cantoni* and *John M. Castellano* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

After a jury trial, defendant was convicted of burglary in the first degree, two counts of assault in the third degree and endangering the welfare of a child. The Appellate Division reversed the assault convictions, concluding that a retrial was warranted due to the trial court's denial of defendant's request for a self-defense charge (Penal Law § 35.15). With respect to the burglary conviction, the Appellate Division reduced the offense to burglary in the second degree due to a deficiency in the indictment. But the Court rejected defendant's claim that he was entitled to a new trial on the burglary charge because the trial court failed to give a "choice of evils" instruction (Penal Law § 35.05).

■ In this Court, defendant asserts that he was entitled to a Penal Law § 35.05 charge for the burglary offense. This contention is not preserved for review in this Court because defendant failed to alert the trial court that, in addition to the Penal Law § 35.15 self-defense instruction discussed during the charge conference, he was also seeking a "choice of evils" instruction (*see* Penal Law § 35.05; *People v Craig*, 78 NY2d 616 [1991]). Defendant's alternative claim that, having reversed his assault convictions, the Appellate Division should have reversed the burglary conviction because it was "contaminated" by the charging error associated with the assault counts is without merit.

■ We further reject defendant's argument that the trial court erred in precluding admission of photographs of an injury suffered by a person who was not present during the altercation involving defendant. The court did not abuse its discretion in holding that the proffered evidence was collateral and that its prejudicial effect would outweigh any potential probative value (*see People v Pavao*, 59 NY2d 282 [1983]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.