THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR FERNANDEZ, Appellant. [878 NYS2d 92]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered November 3, 2006, convicting him of rape in the first degree (two counts), criminal sexual act in the first degree, sexual abuse in the first degree (four counts), unlawful imprisonment in the first degree, criminal possession of a weapon in the fourth degree, and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in denying suppression of physical evidence seized from his apartment, based upon the failure of the police to comply with CPL 690.50 (5). However, noncompliance with the return and inventory provisions of CPL 690.50 (5) does not undermine the validity of the search warrant or the search. Thus, contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress physical evidence (*see Town of E. Hampton v Omabuild USA No. 1,* 215 AD2d 746, 748 [1995]; *People v Morgan,* 162 AD2d 723, 724 [1990]; *People v Nelson,* 144 AD2d 714, 716 [1988]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492-493 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The verdict was not repugnant (*see People v Goodfriend*, 64 NY2d 695 [1984]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur.