■ The People of the State of New York, Respondent, v Gerardo Jorge, Appellant. [876 NYS2d 894]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered December 5, 2005, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

While we agree with the defendant that the trial court erred in refusing to redact a portion of a photograph admitted into evidence (cf. People v LaPetina, 9 NY3d 854, 855 [2007]; People v Wood, 79 NY2d 958, 960 [1992]), the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Cirillo, 267 AD2d 244, 244-245 [1999]).

The defendant's contention that his original counsel was ineffective in his conduct of the defense prior to trial rests on matter partially dehors the record and, to that extent, it may not be reviewed on direct appeal (see People v Cruz, 59 AD3d 457 [2009]). To the extent the claim is reviewable on direct appeal, and insofar as the defendant claims that his successor counsel, at trial, was ineffective, the record reveals that the defendant

received the effective assistance of counsel both prior to and during the trial (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.