■ The People of the State of New York, Respondent, v Francis A. Zarro, Jr., Appellant. [887 NYS2d 663]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Rooney, J.), rendered November 18, 2004, convicting him of scheme to defraud in the first degree, grand larceny in the first degree, grand larceny in the second degree (five counts), criminal possession of stolen property in the second degree (four counts), and grand larceny in the third degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at the defendant's option" (*People v McClam*, 60 AD3d 968, 969 [2009]; *cf. People v Linares*, 2 NY3d 507, 510 [2004]). Rather, "before substitution of counsel is granted, good cause, such as a conflict of interest or irreconcilable differences, must be demonstrated" (*People v Martin*, 41 AD3d 616, 616 [2007]). "Good cause determinations are necessarily case-specific and, therefore, fall within the discretion of the trial court" (*People v McClam*, 60 AD3d at 970). Here, the court did not improvidently exercise its discretion in refusing, on the eve of trial, to grant substitution of the defendant's counsel. The record makes clear that the request, made on the day opening statements were scheduled to be delivered, was engineered by the defendant merely as a dilatory tactic (*see People v Arroyave*, 49 NY2d 264, 271-272 [1980]; *People v Stevenson*, 36 AD3d 634 [2007]; *People v Gloster*, 175 AD2d 258, 259 [1991]).

Contrary to the defendant's contention, he validly waived his right to a jury trial (*see* NY Const, art I, § 2). The court ensured that the defendant understood the rights he was giving up, and the defendant signed the waiver in open court after having those rights explained to him (*see People v Buckley*, 299 AD2d 417, 418 [2002]; *People v Longchamp*, 147 AD2d 659 [1989]). Nothing in the proceedings vitiated the validity of the waiver.

The defendant claims that the evidence was legally insufficient to establish his guilt of scheme to defraud in the first degree. To the extent that the claim is preserved for appellate review, it is without merit. Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of scheme to defraud in the first degree (*see* Penal Law § 190.65 [1]) beyond a reasonable doubt (*see People v Contes*, 60 NY2d 620 [1983]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the prosecution established by a preponderance of the evidence that venue was proper in Dutchess County (*see People v Greenberg*, 89 NY2d 553, 555-556 [1997]).

The defendant's contention that the Attorney General had a conflict of interest is dehors the record, and the defendant's contention that he was deprived of his right to the effective assistance of counsel also rests largely on matter dehors the record. To the extent that those claims are dehors the record, they may not be reviewed on direct appeal (*see People v Fleming*, 65 AD3d 702 [2009]). To the extent the record permits review of the defendant's claim that counsel was ineffective, we find that the defendant received effective representation (*see People v Jorge*, 61 AD3d 996, 996-997 [2009]).

The defendant's claim regarding the Attorney General's authority to prosecute him is without merit (*see* Executive Law § 63 [3]; *Matter of Mann Judd Landau v Hynes*, 49 NY2d 128, 138 [1979]), as are the defendant's claims regarding the indictment (*see People v First Meridian Planning Corp.*, 86 NY2d 608, 616 [1995]; *People v Kindlon*, 217 AD2d 793, 795 [1995]; *People*

*v Rosich,* 170 AD2d 703 [1991]; *cf. People v Sanchez,* 84 NY2d 440 [1994]), the search warrant (*People v Fernandez,* 61 AD3d 891 [2009]), the grand jury proceedings (*see People v Hernandez,* 27 AD3d 229 [2006]), and the court's deliberation and the form of its verdict (*see* CPL 320.20).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.