People v Saylor (2019 NY Slip Op 05027)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Saylor

2019 NY Slip Op 05027

Decided on June 20, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2019

109914

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vTONIA M. SAYLOR, Appellant.

Calendar Date: April 29, 2019
Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


James L. Riotto, Rochester, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Sophie J. Marmor of counsel), for respondent.

MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 9, 2016, upon a verdict convicting defendant of the crimes of burglary in the second degree and harassment in the second degree.
Defendant was indicted on one count of burglary in the second degree and two counts of harassment in the second degree based upon allegations that, on an evening in May 2015, she and her husband knowingly and unlawfully entered the residence of Heather Austin armed with a baseball bat and pepper spray and that, during the ensuing altercation, defendant struck Austin and her boyfriend with that baseball bat. Defendant's husband was similarly charged, by separate indictment, with one count of burglary in the second degree and two counts of harassment in the second degree. Defendant's indictment was later consolidated with her husband's indictment and, following a joint jury trial, defendant was convicted of burglary in the second degree and one of the two counts of harassment in the second degree [FN1]. She was sentenced to a prison term of 3½ years, followed by 2½ years of postrelease supervision, for her burglary conviction and a concurrent jail term of 15 days for her harassment conviction. Defendant appeals.
Defendant asserts that her conviction for burglary in the second degree was not based upon legally sufficient evidence and was also against the weight of the evidence. When considering a challenge to the legal sufficiency of the evidence, we must "view the evidence in the light most favorable to the People and evaluate whether 'there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden [*2]requirements for every element of the crime charged'" (People v Robinson, 156 AD3d 1123, 1124 [2017], lv denied 30 NY3d 1119 [2018], quoting People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Johnson, 38 AD3d 1057, 1058 [2007]). In contrast, in a weight of the evidence review, we first determine whether, based on all of the credible evidence, a different finding would have been unreasonable (see People v Bleakley, 69 NY2d at 495; People v Vega, 170 AD3d 1266, 1268 [2019]; People v Cole, 162 AD3d 1219, 1223 [2018], lv denied 32 NY3d 1002 [2018]). If an acquittal would not have been unreasonable, we must then, like the trier of fact, "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" to determine if the verdict is supported by the weight of the evidence (People v Bleakley, 69 NY2d at 495 [internal quotation marks and citation omitted]; see People v Vega, 170 AD3d at 1268; People v Cole, 162 AD3d at 1223).
As relevant here, a conviction for burglary in the second degree requires proof that the defendant "knowingly enter[ed] or remain[ed] unlawfully" in a dwelling "with intent to commit a crime therein" (Penal Law § 140.25 [2]). "A person enters or remains unlawfully in a dwelling 'when he [or she] is not licensed or privileged to do so'" (People v Caston, 60 AD3d 1147, 1149 [2009], quoting Penal Law § 140.00 [5]). Additionally, "a defendant's intent [to commit a crime] may be properly inferred from, among other things, the circumstances of the entry, his or her unexplained presence in the building and his or her actions and statements while on the premises" (People v Stetin, 167 AD3d 1245, 1248 [2018], lv denied 32 NY3d 1178 [2019]; see People v Castillo, 47 NY2d 270, 277-278 [1979]).
Initially, defendant's legal sufficiency challenge is preserved only to the extent that she argues that the People failed to prove that she knowingly entered Austin's home unlawfully (see People v Harris, 162 AD3d 1240, 1241 [2018], lv denied 32 NY3d 937 [2018]; People v Iovino, 149 AD3d 1350, 1351 [2017], lv denied 30 NY3d 950 [2017]; People v Thiel, 134 AD3d 1237, 1238 [2015], lv denied 27 NY3d 1156 [2016]). Nevertheless, as part of our weight of the evidence review, we will assess whether each element of burglary in the second degree, as charged in the indictment, was proven beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Wright, 139 AD3d 1094, 1098 [2016], lvs denied 28 NY3d 939 [2016], 29 NY3d 1089 [2017]).
Austin and her boyfriend each testified that defendant and her husband, who lived next door, entered Austin's apartment without permission, that both defendant and her husband were wearing gloves when they entered and that defendant was carrying a baseball bat wrapped in plastic and sarcastically stated that she had "something" for the boyfriend. The evidence also revealed that, before the incident, defendant sent Austin a text message that stated, "I'm beating his ass when he comes back down."[FN2] Additionally, both Austin and her boyfriend testified that they asked defendant and her husband to leave, but that defendant's husband instead initiated a physical altercation with Austin's boyfriend. The testimony, including that given by defendant, further established that defendant and Austin had been close friends and that they had exchanged keys to each other's apartments at one point. However, Austin testified that she had distanced herself from defendant recently and had asked defendant to return the key to her apartment a month or two prior to the incident, which, according to Austin, defendant had done. Austin testified that, even when she had given defendant a key to her apartment, defendant did not have an open invitation to enter whenever she wanted. In contrast, defendant testified that she had a [*3]key to Austin's apartment and that it was common for her to let herself in. She stated that she had been concerned for Austin's well-being after not hearing from Austin all day, which was unusual, and that she became more concerned upon learning that Austin was with the boyfriend. Defendant and her husband both testified that they knocked on Austin's door and, when there was no answer, defendant used her key to enter. Defendant and her husband maintained that they had gone to the apartment to check on Austin.
Viewed in the light most favorable to the People, we find that the evidence was legally sufficient to establish that defendant knowingly entered or remained unlawfully in Austin's home (see People v Stetin, 167 AD3d at 1248-1249). Although it would not have been unreasonable for the jury to have acquitted defendant of burglary in the second degree, the jury clearly credited the People's proof that defendant knowingly entered or remained unlawfully in Austin's home and that she entered with an intent to commit a crime (see People v Webster, 290 AD2d 659, 660 [2002], lv denied 98 NY2d 641 [2002]). Deferring to the jury's credibility determinations and considering the inferences that may be properly drawn from the circumstances of the entry, including that defendant was carrying a baseball bat wrapped in plastic and wearing gloves, defendant's burglary conviction is not against the weight of the evidence (see People v Jackson, 151 AD3d 1466, 1468 [2017], lv denied 30 NY3d 950 [2017]; People v Briggs, 129 AD3d 1201, 1203-1204 [2015], lv denied 26 NY3d 1038 [2015]; People v Webster, 290 AD2d at 660).
Further, we reject defendant's contention that, with respect to the charge of harassment in the second degree, County Court should have instructed the jury on the defense of justification — namely, the use of physical force in defense of a person (see Penal Law § 35.15 [1])[FN3]. "A justification charge must be given 'if there is any reasonable view of the evidence, when it is considered in the light most favorable to the defendant, that would allow the jury to conclude that the defendant's actions were justified'" (People v Ramirez, 118 AD3d 1108, 1112 [2014], quoting People v Powell, 101 AD3d 1369, 1370-1371 [2012], lv denied 21 NY3d 1019 [2013]). Here, considered in the light most favorable to defendant, there is no reasonable view of the evidence that would support the conclusion that defendant's actions were justified, given that defendant and her husband were the initial aggressors (see Penal Law § 35.15 [1] [b]; People v Kerley, 154 AD3d 1074, 1075-1076 [2017], lv denied 30 NY3d 1106 [2018]). Accordingly, County Court properly declined to give the requested justification charge (see People v Cotsifas, 100 AD3d 1015, 1015-1016 [2012], lv denied 21 NY3d 1014 [2013]; People v Rodriguez, 306 AD2d 686, 688 [2003], lv denied 100 NY2d 624 [2003]). Defendant's related assertion that a justification charge was warranted under a "choice-of-evils" defense (see Penal Law § 35.05 [2]) is unpreserved (see People v Wheatley, 55 AD3d 947, 949 [2008], lv denied 11 NY3d 931 [2009]).
To the extent that we have not expressly addressed any of defendant's remaining contentions, they have been examined and found to be without merit.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.
Footnotes

Footnote 1: Specifically, defendant was convicted of the charge accusing her of striking Austin's boyfriend with the baseball bat. Defendant's husband was convicted of one count of harassment in the second degree and acquitted of the remaining charges.

Footnote 2: Defendant did not — as her codefendant did — object to the admission of the text messages on foundational grounds and, thus, that aspect of her evidentiary challenge is unpreserved (see People v Buckley, 75 NY2d 843, 846 [1990]; People v Teeter, 47 NY2d 1002, 1003 [1979]). As to the alleged violation of the rule of completeness, County Court did not abuse its discretion in admitting the exhibit, as there was no evidence that the People omitted any exculpatory material or that any omitted material was necessary for explanatory purposes (see People v Cartagena, 170 AD3d 451, 452 [2019], lv denied ___ NY3d ___ [May 30, 2019]; People v Bermudez, 168 AD3d 446, 447 [2019]). In any event, any error would be harmless (see People v Cartagena, 170 AD3d at 452).

Footnote 3: Defendant did not request a justification instruction in connection with the charge of burglary in the second degree and, thus, her contention that the jury should have been so instructed is unpreserved for our review (see People v Buckley, 75 NY2d at 846; People v Teeter, 47 NY2d at 1003). In any event, a justification defense is generally inapplicable to a burglary charge (see People v LaPetina, 34 AD3d 836, 840 [2006], affd 9 NY3d 854 [2007]; People v Bess, 107 AD2d 844, 845-846 [1985]).