People v Wilcox (2021 NY Slip Op 03205)





People v Wilcox


2021 NY Slip Op 03205


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-14081
2018-14083
 (Ind. No. 17/13, S.C.I. No. 267/13)

[*1]The People of the State of New York, respondent,
v
Jeremy Wilcox, appellant.


Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant, and appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the County Court, Dutchess County (Stephen L. Greller, J., at plea; Edward T. McLoughlin, J., at sentence), rendered October 18, 2018, convicting him of criminal possession of a weapon in the second degree under Superior Court Information No. 267/13, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered October 18, 2018, revoking a sentence of probation previously imposed, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Indictment No. 17/13.
ORDERED that the judgment and amended judgment are affirmed.
In December 2013, the defendant pleaded guilty before the County Court to criminal possession of a weapon in the second degree under Superior Court Information No. 267/13. However, he failed thereafter to appear in court on the scheduled sentencing date, and was not sentenced until October 2018, nearly five years later, receiving an enhanced sentence. As part of the plea agreement, the defendant also admitted that the entry of his plea of guilty in December 2013 violated a condition of a prior sentence of probation imposed upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Indictment No. 17/13. As a result, the court, in an amended judgment, revoked probation and sentenced the defendant to an authorized term of imprisonment.
The enhanced sentence imposed by the County Court under Superior Court Information No. 267/13, upon the defendant's failure to appear for sentencing, was not excessive (see People v Suitte, 90 AD2d 80).
Contrary to the defendant's contention, the record establishes that he knowingly, intelligently, and voluntarily admitted that he had violated a condition of his probation under Indictment No. 17/13 (see People v Miazga, 171 AD3d 1358, 1360; People v King, 170 AD3d 1041, 1042; People v Beach, 118 AD3d 905).
The defendant's contention, raised in his pro se supplemental brief, that the sentencing judge should have recused himself due to a conflict of interest, rests entirely on matter outside the record and is therefore not reviewable on direct appeal (see People v Zarro, 66 AD3d 1050, 1051; People v Green, 153 AD2d 644). Similarly, the defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109). Under the circumstances, a CPL 440.10 proceeding is the appropriate forum for reviewing such a claim in its entirety, and we decline to review it on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court